## WILLIAM CARUTH vs. D. B. GRIGSBY.

SUPREME COURT, AUSTIN TERM, 1882.

*Charge—Community Property—Deceased Wife's Estate in—Purchaser of—Charge*—It is not a charge upon the weight of evidence for the court to assume and ·recognize, in instructing the jury, the existence of facts that are undisputed.

*Community Property—Deceased Wife's Estate in—Purchaser of.*—Under the the repeated decisions of this court, the estate of the deceased wife in the community lands is equal to that of the husband, and though the title may be in his name, it is subject only to sale by him or his administrator to pay community debts, and when the sale is not made for this purpose, a purchaser, with notice of the interest of the deceased wife takes the title to the husband's interest only. (See this case for facts held to be notice.)

*Estoppel.*—It is an established principle that a party is concluded by a judgment only in the capacity in which he sues or is sued. See this case for proceedings in administration and partition of an estate held insufficient to estop a party who was represented therein by a guardian.

Appeal from Dallas county—Opinion by Bonner, J.—This case comes before us on the appeal of Wm. Caruth. We have carefully considered such of the assigned errors as are believed to be necessary to a proper disposition of the case as presented. The first three alleged errors object to so much of the charge of the court to the jury in which it is assumed that the plaintiffs, Daniel B. Grigsby and Maria Louisa Swindle, were two of the children of Louisa Grigsby, deceased, born after her marriage with John Grigsby; that said plaintiffs were the heirs at law of said Louisa Grigsby, and, as such, each enttiled to one-third of her estate, and that none of the lands in controversy were needed to pay the community debts of John and Louisa Grigsby.

All the above were undisputed facts in the case, and appeared from the proceedings of the probate courts of Houston and Anderson counties, introduced by appellant Caruth himself. In such case it is not a charge upon the weight of evidence for the court to assume the existence of the facts. (Hedgpath vs. Robertson, 18 Texas, 871.)

The fifth error is, that the court refused to give certain special charges asked by defendant. So many of these special charges as are considered necessary to be disposed of in this connection are those numbered 1, 2, 6 and 8.

1. The first reads: "If the jury believes, from the evidence, that the marriage relation existing between John Grigsby and Louisa

Grigsby was terminated prior to the date of the issuance of the patent to said John Grigsby, the presumption is that the land embraced by said patent was the separate property of John Grigsby, and this being a legal presumption, can only be changed by clear and satisfactory proof."

The instruction given by the court to the jury in the general charge on this point, was, we think, under the evidence, the law of the case. It was as follows: "If you believe from the evidence, that the grant of said league and labor of land, although said grant is dated after the death of said John Grigsby, was made by the Republic of Texas, for the reason that said Grigsby was a married man, and that Louisa Grigsby was his wife, you are instructed that said land was the common property of John Grigsby and his wife, Louisa Grigsby; and if the same was undisposed of at the date of the death of John Grigsby in 1841, the undivided one-half of said land belonged to the heirs of John Grigsby, and the other half to his widow, Louisa Grigsby, subject only to the payment of debts contracted during the existence of the marriage."

The second, sixth, and eighth special charges asked and refused will be considered together, and are as follows:

2. "And though the jury may believe, from the evidence, that the proof adduced upon the trial of the cause is sufficient to rebut the legal presumption arising from the issuance of the patent to John Grigsby, then they should find for the defendant, unless they further find that when he acquired the property he had notice of the facts constituting this the community property of John and Louisa Grigsby.

6. "If the jury believes, from the evidence, that the Probate Court of Anderson county, by its judgments, determined that the lands embraced in the partition proceedings were the lands of John Grigsby, deceased, and that under the said judgment and the title-following therefrom, the defendant purchased the lands sued for herein, and paid the fair value of said lands, the law would protect him in the said purchase of the lands so made.

8. "If the jury believe, from the evidence, that the defendant, Caruth, purchased the lands in good faith, paid a valuable consideration therefor, without notice of plaintiff's claim thereto, they will find for the defendant."

Under repeated decisions of this court, the interest of the estate of a deceased wife in the community lands is equal to that of

the husband, though the title may be in his name, subject to the control of himself or his administrator for the payment of community debts; and a purchaser, with notice of the interest of the deceased wife, from the husband, when the sale is not made for this purpose, takes the title to the husband's interest only. (Hays vs. Wright, 10 Texas, 130; Johnson vs. Harrison, 48 Texas, 257; Yancey vs. Batte, Id., 46.)

In this case, the chain of title under which defendant Caruth claims, shows upon its face that the land was community property of John Grigsby and his wife Louisa, the mother of plaintiffs; that it was not necessary to sell the same for the payment of debts; and that the deed of partition made by the administrator conveyed John Grigsby's interest only. Appellant Caruth was charged with a knowledge of these facts a patent upon the face of his title, and estopped from denying the same.

The decisive question in this case arises under the fourth assigned error, which relates to the legal effect of the partition proceedings had in the Probate Court of Houston and Anderson counties.

It is contended on behalf of appellant Caruth, who claims under said partition proceeding, that it was binding on plaintiff Maria Louisa Swindle, in the capacity of an heir of her mother's estate in which right she here sues, for the reason that she was a party thereto, and that her remedy, if aggrieved, was by a direct appeal from that judgment.

On the other hand, it is contended, that she was thereby concluded as an heir of John Grigsby only, and not of her mother, in which latter right she was not before the probate court. It is further contended, that the probate court, as then constituted, did not have jurisdiction, in an administration on John Grigsby's estate, to partition that of Louisa Grigsby.

As unnecessary to this case, we pass by the last question, as to the jurisdiction of the probate court, and rest the decision upon the question whether it in, fact or legal effect, made partition of Louisa Grigsby's estate.

It is an established general principle that a party is concluded by a judgment in the right only in which he sues or is sued.

In Thompson vs. Cragg it was decided that "a decree of the district court against children 'as the heirs of their deceased father' for specific performance of a bond given by the father for title to lands, the community property of himself and wife, sold by him in

1837, after the death of his wife, does not effect the interest which the defendants have in the land 'as heirs of their mother.'" (24 Texas, 582; Grice vs. Randall, 23 Vt., 242.)

The administration of John Grigsby's estate was commenced in the probate court of Houston county at the July term, 1841, before the death of his wife, Louisa Grigsby, in 1842. It purported to be an administration on his estate alone, and did not involve the administration of the community property to the extent even that a sale of the same was necessary to pay community debts, as in Sage vs. McCallister, 18 Texas, 99.

Although there is a recital in the petition for partition of the estate of John Grigsby, made in the probate court of Houston county on November 9, 1847, that the plaintiff in this suit, then a minor of tender years, and who was not represented by any legally appointed guardian, was entitled to an interest in the property in right of her mother, and the same was asked to be distributed; yet, in the final partition made in the probate court of Anderson county, at the March term thereafter, to which county the administration had been removed, her interest in the property, though much larger than many of the other distributees, was entirely ignored, and the distribution had among the children of John Grigsby only, she not being one of his children or his heir. The property partitioned purported to be that of John Grigsby's estate, was pointed out by his administrator as such, and who, under the order of the court, made deeds to the several distributees in the capacity of such administrator only. The partition, in its legal effect, seems to have distributed to the children and heirs of John Grigsby, in severalty, his undivided interest in the community property, which, before that time had been held by them in common.

Under all the facts and circumstances of the case, we are of opinion that neither in fact or in its legal effect, did the proceedings and judgment in the probate courts of Houston and Anderson counties partition the estate of Louisa Grigsby, through whom plaintiff Maria Louisa Swindle derives title to the land in controversy, and that she is not estopped thereby.

The seventh and only remaining error necessary to be considered is, that "The court erred in awarding a partition of the land between plaintiff and defendant, because the heirs of Emaline Grigsby, who was a part owner of said land, were not before the court or parties to the suit."

It appears that Emaline Grigsby was dead, and that Robert F. Aspley, her heir, was made a party-defendant to the suit as originally brought, but that, as defendant William Caruth claimed a severance, Aspley was not represented as a party on the trial from which this appeal was taken.

What his pleadings were, if any, does not appear from the record. It is affirmatively adjudged, however, in the court below, that the land in controversy was owned partly by the plaintiff Maria Louise Swindle and the defendant William Caruth, she owning one-sixth and he the remaining five-sixths, and partition ordered on this basis, and commissioners appointed. As thus presented by the record, we must presume that the interest of Emaline Grigsby had been vested into defendant Caruth, and that, therefore, all the parties in interest were before the court.

There being no apparent error in the judgment below, the same is affirmed.

