No. 2531.

## M. A. PISHAWAY v. NEAL RUNNELS.

1. RES ADJUDICATA—EXCEPTION.—Where the record discloses that the former judgment was not rendered in whole or in part upon the cause of action asserted in the second suit, such judgment is not a bar, though the subject of the second suit might have been litigated in the first suit.

2. CASES FOLLOWED.—48 Texas, 508, Teal v. Terrell, and 63 Texas, 604, Philipowski v. Spencer.

APPEAL from Shelby. Tried below before the Hon. James I. Perkins.

*E. B. Wheeler* and *H. B. Short* for appellant.

WALKER, ASSOCIATE JUSTICE. October 6, 1884, appellant brought suit before a justice of the peace against Runnels for one wagon, one yoke of oxen, two hundred and eighty-two pounds seed cotton, two blind bridles and one extra wagon tongue, of aggregate alleged value of one hundred and thirty dollars and twenty-eight cents. A writ of sequestration was issued and under it the property was seized October 7. On same day Runnels replevied.

The case was tried in the justice's court June 27, 1885, and judgment rendered for Runnels, and the case was appealed to the district court.

While this suit was pending in the justice's court, appellant, suing alone, having been abandoned by her husband, on November 11, 1884, brought another suit against Runnels alleging that on September 30, 1884, Runnels had made an affidavit charging her with theft of a bale of cotton; that upon said charge she was arrested; that the prosecution was malicious and without probable cause; that on October 1, the day following the making of the false affidavit, Runnels had come to the house of plaintiff, and without any legal process or authority forcibly, over her protest, in an insolent and offensive manner, had taken the property (for which she instituted the suit on November 6) from her. The defendant answered, and November 11, 1885, the case was tried and judgment was rendered for

plaintiff for fifty dollars actual damages and two hundred and fifty dollars exemplary damages. The case was tried without a jury, and the findings of the court show as basis of the judgment that Runnels had caused the arrest and had taken the property as alleged; that the proceedings were malicious, and the prosecution without probable cause.

Touching the property, the finding of the court shows: "The defendant had a bill of sale and mortgage in form, but in law they were only mortgages, so given and understood by the parties, and the defendant was not warranted in taking forcible possession of the property as he did; besides, it is doubtful whether the personal property belonging to the plaintiff, a married woman, could have been taken from her under the pretended claims, but this question is left open as there are ample grounds to support the judgment without deciding that question, and no part of the judgment in this case is based on the alleged value of any personal property described in plaintiff's petition, but the sum of three hundred dollars actual and vindictive damages is awarded to compensate the plaintiff for the injury and as exemplary damages against the defendant."

The judgment of the court followed the findings, closing by excluding from it any consideration of the value of the property, as follows: "And it is further decreed by the court that this judgment is not based upon the value of the property alleged in plaintiff's pleadings, either in whole or in part." No opposition appears to have been made to this disposition of the property question; at least no appeal was taken nor any effort to have the judgment entry changed.

Two years after this judgment the suit for the property was tried, on the appeal to the district court. The defendant, in addition to his defense in the justice's court, pleaded res adjudicata, insisting that the subject matter of the suit had been litigated and determined in the damage suit between the parties.

On the trial it was clearly shown that the property sued for was the same referred to in the damage suit. The plea of judgment estoppel was sustained and final judgment was rendered for defendant, from which the plaintiff has appealed.

There can be no question but that all the matters in this litigation might have been litigated and determined in the trial of the damage suit. The general rule, as stated in 4 Texas,

103, Foster v. Wells, and 388, Weathered v. Mays, is, that the former judgment is conclusive between the parties as to whatever was or might have been adjudicated under the pleadings in the suit when rendered. Under this rule the judgment was, of necessity, for the defendant, as it was rendered.

In Teal v. Terrell, 48 Texas, 507, exceptions to this general rule were recognized. It was held not to apply in a suit for land where, upon an inspection of the record of the judgment relied upon to sustain the defense of res adjudicata, it appeared that the claim sued for had not been adjudicated.

Justice Moore, for the court, says (48 Texas, 508): "While it is not controverted that, as a general principle, the judgment or decree of a court of competent jurisdiction is not only final as to the matters actually determined thereby, but also upon all matters properly involved in the issue passed upon and determined by the court; and that all matters put in litigation in a previous suit, and which could have been adjudicated therein, are concluded by it. But certainly it can not be so held where the record clearly shows that the matter in question was not in fact passed upon or adjudicated by the court."

This opinion was upon full and exhaustive argument, and it has not been questioned in any subsequent case. In Philipowski v. Spencer, 63 Texas, 604, Justice R. S. Walker, of the Commission of Appeals, discussing the question, gives the rule: "A former judgment will not be a bar to further litigation unless the same vital point was put directly in issue and determined, or was fairly within the scope of the pleadings;" and in applying the rule it was held that it must appear that the matters in issue were the same in both suits.

In the case before this court, an inspection of the record discloses in the former decree and in the findings of law and facts upon which it was entered, that no part of it was based upon the alleged value of the property sued for. This negatives the plea and shows clearly that the matter in question —the property, its ownership and value—was not in fact passed upon or adjudicated by the court.

The judgment supporting the plea was erroneous, and for which it is reversed.

                          *Reversed and remanded.*

Opinion delivered October 9, 1888.