**ALLEN v. FRANK et al. (No. 948.)**

(Court of Civil Appeals of Texas. Beaumont. May 3, 1923. Rehearing Denied May 16, 1923.)

**1. Judgment ⬅584—Bars another suit by same parties concerning same matter.**

Adjudication of a matter is a bar to another suit between the same parties and their privies concerning the same matter.

**2. Judgment ⬅585(1)—Conditions necessary to render matter "res adjudicata" stated.**

For a matter to be res judicata, the thing sued for, the cause of action, the parties thereto, and the quality or right in which they sue or are sued must be identical.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Res Adjudicata.]

**3. Divorce ⬅254—Divorce decree held not adjudication of wife's claim for separate property loaned husband, where silent as to such item.**

A divorce decree reciting that the parties agreed as to partition of property "held and owned in common by them," and that "said property comprises all of the community property" belonging to them, held not an adjudication of the wife's claim for money constituting her separate property, which she loaned to her husband and was not mentioned by the judgment, such silence not being a finding against her on such issue.

**4. Divorce ⬅254—Divorce decree held not adjudication of claim withdrawn by agreement from court's consideration.**

A divorce decree adjudicating the parties' property rights *held* not res judicata as respects the wife's claim for money loaned to her husband, which was withdrawn by agreement from the court's consideration.

**5. Judgment ⬅713(1)—Conclusive only as to facts actually decided or necessarily involved.**

A judgment concludes the parties only as to the facts actually decided or necessarily involved, and is not conclusive as to matters not litigated or not material to the recovery.

**6. Judgment ⬅729—Plaintiff may avoid estoppel of judgment, set up as bar or conclusive evidence of matter by showing matter distinctly withdrawn from consideration.**

Plaintiff may avoid the estoppel of a former judgment, set up as a bar or conclusive evidence of a matter, by showing that such matter, though involved in the prior litigation, was distinctly withdrawn from the consideration of the jury or court, the doctrine of res judicata resting, not solely on the fact that a particular proposition was affirmed or denied in the pleadings, but on the fact that it was fully and thoroughly investigated, tried and finally adjudicated.

**7. Divorce ⬅255—Decree in divorce suit wherein wife asserted claim for money given her by father held not adjudication of claim for amount received from her deceased mother's estate.**

A decree adjudicating the property rights of parties to a divorce suit, wherein the wife asserted a claim for money given her by her father and loaned to the husband, *held* not an adjudication of a subsequent claim for a different amount received by her from her deceased mother's estate.

**8. Judgment ⬅163—Merits of original case not considered on motion for new trial after default judgment.**

On a hearing on a motion, based on affidavits, for a new trial after a default judgment, the merits of the original case cannot be considered.

**9. Judgment ⬅151—Motion held insufficient as being mere statements of pleader's conclusions as to diligence.**

Allegations of a motion for new trial after a default judgment, that defendant had no actual notice until too late to secure counsel and make a proper defense, and that, because the attorney appointed by the court was not familiar with and had no means of ascertaining the facts, and did not communicate with defendant until too late for them to be furnished him, defendant had no opportunity to present his defense, *held* insufficient as stating mere conclusions.

**10. Judgment ⬅139—Motion for new trial after default judgment addressed to court's sound discretion.**

A motion for new trial after a default judgment is addressed to the court's sound discretion.

**11. Judgment ⬅151—Motion for new trial after default judgment held not to show reasonable diligence.**

Where citation was had by publication, an attorney was appointed to represent defendant, and he appeared and filed answer, counsel for plaintiff, at the court's request, mailed a letter to defendant's brother, who should have received it in about 24 hours, and judgment was rendered 10 days thereafter and 12 days before the filing of defendant's motion for new trial, which alleged that he exercised due dili-

gence to present his defense "when notice was received," but did not describe his whereabouts at the time, from whom or when he received it, nor when or how he acted thereon, the court did not abuse its discretion in overruling the motion.

**12. Judgment ⟨⟩145(2)—Movant must show meritorious defense to have default judgment set aside.**

One moving for a new trial after a default judgment against him cannot have it set aside unless he clearly shows that he has a meritorious defense.

**13. Husband and wife ⟨⟩4—Husband must support wife without resorting to her separate property if possible.**

The husband is bound to support his wife out of his own property, if able to do so, without resorting to her separate property.

**14. Judgment ⟨⟩145(4)—Husband's expenditure of wife's separate funds for her support not a defense which will support motion for new trial after default judgment for amount thereof.**

That money constituting a wife's separate property was expended by the husband, to whom it was loaned, for living expenses, mostly for clothing for his wife, is not a meritorious or legal defense to her action therefor, and hence not a ground for new trial after a default judgment against him, in the absence of an averment that he was unable to support her, and that it became necessary, therefore, to use her separate funds.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by Naomi Frank and husband against A. N. Allen. From a judgment setting aside a default judgment in part and overruling defendant's motion for new trial as to the remainder, defendant appeals. Affirmed.

Gill, Jones, Tyler & Potter, of Houston, for appellant.

Atkinson & Atkinson, of Houston, for appellees.

O'QUINN, J. Suit by Naomi Frank, joined pro forma by her husband, Ed Frank, against A. N. Allen, her former husband. She made affidavit that defendant was a nonresident of Texas, and that his residence was unknown to her, and citation was had by publication. For cause of action she alleged that she was married to defendant, A. N. Allen, December 25, 1904, and that in February, 1905, she received $1,750.25 cash from the estate of her deceased mother; that in March, 1905, she loaned said money to her said husband, A. N. Allen, upon his express promise to repay same; that this promise was frequently repeated up to and until a disagreement arose between them which resulted in her suing him for a divorce, in

June, 1920, and that he never denied her right to have said money repaid to her until she applied for divorce. She further alleged that about the year 1918 she and her then husband, Allen, purchased $1,000 in War Savings Stamps, which, by agreement between them, were placed in her name, and which thereby became her separate property, and that at the request of defendant she turned said stamps over to him and signed a receipt therefor to the government, so that he could convert them into money, and that they were at said time of the reasonable value of $900; that she was entitled to interest on each of said sums at the rate of 6 per cent. per annum, amounting to the sum of $1,831.25. She filed an affidavit and bond in attachment, and had writ issued to Fannin county, Tex., which was levied upon several tracts of land as the property of defendant. December 7, 1921, the term of court to which said process was returnable, the court appointed an attorney to represent defendant, and said attorney filed an answer, consisting of a general demurrer and general denial. The case was tried on December 8, 1921, before the court, who, after hearing the evidence, took the case under advisement, and requested counsel for plaintiff to make some effort to notify defendant of the pendency of the suit. In accordance with said request, counsel for plaintiff, on December 10, 1921, addressed the following letter to Claud Allen, a brother of defendant, A. N. Allen, at Madill, Okl., which was duly stamped and placed in the post office to be carried to him, to wit:

"December 10, 1921.

"Claud Allen, Esq., Madill, Okla.—Dear Sir: We do not know the address of your brother, A. N. Allen, and hence we write you and ask you to advise him that his former wife, Mrs. Naomi Frank, has brought suit against him in the Eleventh district court here for $1,750.24, her separate money received from her mother's estate, which she loaned to him, and also for $900, the money value of $1,000 in War Savings Stamps, which he took out in her name and gave to her.

"She has also had an attachment issued and levied on his property in Fannin county for the sum of $2,650.25. The attachment lien has been recorded and notice of lis pendens has been filed.

"A citation by publication has also been issued and served and the cause here is at issue.

"It is our wish that you notify your brother of the situation on this matter so that he may take such action as he desires.

"Mrs. Frank expects her children to spend the Christmas Holidays with her.

"Very truly yours,

"[Signed]      Atkinson & Atkinson.

"H. N. A: GA."

On December 22, 1921, the court again took up the case, nothing having been heard from

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendant, and rendered judgment for plaintiff for the sum of $2,650.25, and for the foreclosure of the attachment lien on the interest of defendant in the lands upon which the writ had been levied. On December 24, 1921, two days after the judgment was rendered, defendant, by counsel of his own choosing, filed his motion for a new trial, and on January 27, 1922, at the same term of the court, filed his amended motion verified by defendant, in which he alleged that he had an absolute defense to plaintiff's cause of action, in that the matters in controversy had been adjudicated in a former divorce suit between them in the district court of Jefferson county, Tex., and were therefore res adjudicata, and attached thereto, as exhibits, certified copies of the trial petition, answer, and judgment in the case of Naomi Allen v. A. N. Allen, in the district court of Jefferson county, Tex., which was the cause in which plaintiff, Naomi Frank, then Naomi Allen, filed suit for divorce, custody of their children, and adjudication of the property rights between said parties. He also alleged that the War Savings Stamps set out in plaintiff's petition were purchased with community funds and were converted into money with the joint consent of plaintiff and defendant, and did not constitute any part of plaintiff's separate estate. To this motion plaintiff filed a sworn answer controverting all the matters and things therein alleged, and attached to said answer the affidavit of counsel who represented her in the divorce proceedings, showing that the claim for money loaned to defendant made in the divorce case was, by agreement with counsel for defendant, withdrawn from the consideration of the court, and was not determined therein. The answer also set up many other matters in denial of defendant's motion, and in explanation of the prior things connected with the matters involved, which will not be here set out.

A hearing was had by the court on defendant's motion for new trial on February 2, 1922, and the court rendered the following judgment:

"February 2, 1922.

"On this day came on to be heard the motion of defendant A. N. Allen for a new trial, in which he was represented by counsel of his own choosing, and the court after hearing and considering said motion is of the opinion that the same is well taken as to the item of $900 for the value of War Savings Stamps discussed in plaintiff's pleading, and plaintiff Naomi Frank is ordered to enter a remittitur for said sum of $900 and $6.75 interest thereon, and, said remittitur having been duly entered of record for said two amounts, the same are thereby eliminated from said judgment, and said judgment to the amount of $906.75 is set aside and annulled.

"But as to the remainder of said judgment, based on plaintiff's claim for $1,750.25, money received from the estate of her mother after her marriage to defendant, A. N. Allen, and by her loaned to him, the said motion for a new trial is hereby refused and overruled."

To which judgment the defendant excepted, and from which he has appealed.

The controlling question in the case is presented by appellant's first proposition, which is:

"The court erred in overruling defendant's duly verified motion to set aside the judgment rendered upon publication service, and in refusing a new trial, because said motion showed that the defendant had no actual notice of the pendency of this suit, exercised due diligence to present his defense when notice was received, and had a valid defense to the cause of action, in that said cause of action was res adjudicata as a matter of law under the terms of the pleadings and judgment in the former action between the parties in a court of competent jurisdiction, certified copies of which were attached to defendant's motion and sworn to be correct copies by him."

We will first discuss whether appellees' cause of action in the instant case is res adjudicata by reason of the pleadings and judgment in the former action of divorce between the parties in the district court of Jefferson county, as plead by appellant. Appellant contends that the identical matter here in dispute was finally and conclusively adjudicated in a former suit between appellee, Naomi Frank, and himself in a divorce suit in the district court of Jefferson county. In that suit appellee, then Naomi Allen, alleged:

"Plaintiff further shows to the court that she and the defendant are the owners of community property, consisting of household and kitchen furniture, and one automobile of the probable value of $4,000, and that the defendant is indebted to her in the sum of $1,800, given her by her father to buy a home, which money she gave to the defendant, who applied the same to his own use and benefit, and has refused to account to her therefor. * * *"

In the instant case she charges:

"That plaintiff and said A. N. Allen were married about the 25th day of December, 1904, and that about the month of February, 1905, plaintiff received the sum of $1,750.25 in cash from the estate of her deceased mother. * * *

"She further shows that shortly after she received said money and about March 1st, 1905, at the special instance and request of her then husband, A. N. Allen, she loaned it to him on his express promise that he would repay the said amount to her, and this promise was repeatedly renewed by him until a disagreement arose between them which led to her suing him for divorce, which was granted to her in June, 1920, and he never refused to pay her said money and never denied her right to have the same repaid to her until said divorce was applied for."

In the divorce suit, the following judgment as to property rights there involved was entered:

"And it appearing to the court that the parties, plaintiff and defendant, have agreed, in open court, as to a partition of the property heretofore held and owned in common by them, as follows: The plaintiff, Naomi Allen, to have as her share and proportion of said property all and singular the household furniture and furnishings and kitchen utensils heretofore used by plaintiff and defendant and now situated at their home, formerly occupied by them, at No. 1153 Broadway street in the city of Beaumont, and that the defendant, Newton Allen, is to have as his full share and proportion of said property the automobile, being one (1) five passenger Dodge touring car, it being agreed that the title and possession of said property shall at once vest in said parties, respectively, as above set out, it appearing to the court that said property comprises all of the community property belonging to plaintiff and defendant."

[1, 2] It is a fundamental principle of law that when a matter has once been adjudicated between parties such adjudication shall be a bar to another suit between the same parties or their privies concerning the same matter. In order for a matter to be regarded as res adjudicata, the four following conditions must concur, namely: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in the persons (that is, the right in which they sue) for or against whom the claim is made.

[3] Upon an inspection of the judgment, it appears that it was an agreed judgment, and that it disposed of the community property only. It contains the following:

"And it appearing to the court that the parties, plaintiff and defendant, have agreed, in open court, as to a partition of the property heretofore held and owned in common by them, * * * it being agreed that the title and possession of said property shall at once vest in said parties, respectively, as above set out, it appearing to the court that said property comprises all of the community property belonging to plaintiff and defendant."

[4] So, it does not appear from the judgment that the claim of plaintiff for the money loaned her husband, set out in her petition for divorce, was adjudicated, but that the parties agreed to and had an adjudication of their community property only. But appellant insists that said judgment was an adjudication of all the claims disclosed by plaintiff's petition, and that the item involved in the instant case is the same as that claimed in the divorce case, and that the judgment in the divorce case, being silent as to said item, must be taken as a finding by the court against plaintiff on said item, and hence that she is estopped from now again asserting same. If it be conceded that the money there claimed is the same debt here asserted, in so far as the actual money is

concerned, still was there an adjudication of the claim, and did the court find and render judgment thereon, and should the silence of the judgment as to any finding thereon be taken as a finding against plaintiff on this issue? We think not, for the court especially describes the property adjudged to the parties as the community property of the parties, and says that the partition thereof was by the agreement of the parties. But we think the absence of any statement in the judgment as to the adjudication of the claim is abundantly explained by the record here. Plaintiff, in her answer to defendant's motion for a new trial, under oath denies that the matter involved herein was litigated, but that the same was, by agreement, withdrawn from the consideration of the court in the trial of the divorce action. To her answer was attached the affidavit of her attorney in the divorce trial at Beaumont, who swears that the attorney representing appellant in the divorce case conferred with him as to the matters in litigation, and that an agreement was had; his statement is:

"I further state that when the case had been filed Mr. W. J. Crawford of Beaumont, Texas, came to my office in behalf of the defendant, Newton Allen, and after discussing the matter in its various forms we agreed upon a division of the community property and the custody of the two minor children as set out in the decree of divorce, and I agreed and did withdraw the plaintiff's claim for the money advanced the defendant out of her separate estate, and the only matter submitted to the court was the divorce and our agreement as to a division of the community property and the custody of said minors, as shown by a certified copy of the entry made by Judge McDowell at that time, which is hereto attached. I further state that the claim of Mrs. Allen for reimbursement for money loaned by her to Mr. Allen was not submitted to the court, nor was any adjustment made of same except that it was withdrawn by Mrs. Allen upon my advice."

This statement of her former counsel is nowhere, nor in any manner, denied. True, appellant made an oral motion to strike out the answer of the appellee to appellant's amended motion, on the ground of surprise (it having been filed the same day the motion was passed upon), which was overruled; but the court offered to grant appellant the privilege of filing a trial amendment if he so desired. If appellant had seen proper to file a trial amendment, he could have attached to same the statement of his former counsel, Hon. W. J. Crawford, relative to the agreement in the divorce suit, if such statement would have supported his contention, as said counsel, at said time, resided in Beaumont, within easy reach of appellant, and which said statement could have been had within a few hours. No request for time, or for postponement, was asked by ap-

pellant; but he simply urged a motion to entirely exclude the answer.

[5, 6] A judgment concludes the parties only as to the facts actually decided, or which were necessarily involved in it, without the existence of which such judgment could not be rendered, and is not conclusive as to the matters not litigated or not material to the recovery in the former suit. Pishaway v. Runnells, 71 Tex. 352, 9 S. W. 260; 15 R. C. L. § 452, p. 977. The general rule is, where a former judgment is set up as a bar or as conclusive evidence of a fact or matter, the plaintiff may avoid the estoppel by showing that such matter, though involved in the prior litigation, was distinctly withdrawn, and thus withheld from the consideration of the jury or court, and therefore does not constitute any part of the verdict or judgment. Black on Judgments, vol. 2, § 620. The doctrine of res adjudicata does not rest solely upon the fact that a particular proposition has been affirmed or denied in the pleadings, but upon the fact that it has been fully and fairly investigated and tried and finally adjudicated—actually litigated. Black on Judgments, vol. 2, § 614, p. 936, § 616, p. 939; Converse v. Davis, 90 Tex. 466, 39 S. W. 277.

[7] Furthermore, appellee Naomi Allen, in her suit for divorce, asserted claim for $1,800 as money given her by her father, and in the instant suit she asserts claim for $1,750.25 received by her from the estate of her deceased mother, an entirely distinct and different matter. The right in which she sued in the first case is wholly different from that in which she here sues. Caruth v. Grigsby, 57 Tex. 259; Downing v. Diaz, 80 Tex. 455, 16 S. W. 49. We think it conclusively appears that the plea of res adjudicata was not well taken, and that the assignment should be overruled.

Appellant complains that the court erred in refusing to permit him, on the hearing of the motion for new trial, to introduce appellee Naomi Frank, his former wife, for the purpose of proving by her that the claim asserted by her against him in the divorce case for $1,800 claimed by her to have been given her by her father, and the $1,750.25 claimed by her in the instant case as having been received by her from the estate of her deceased mother, was the same cause of action—one and the same claim. The court allowed appellant's bill of exception, upon which this assignment is based, with the following qualification:

"Which is allowed with the explanation that the record in the divorce case in Beaumont shows that the matter alleged by the plaintiff in this case was not disposed of there, and that the cause of action set up in this case was and is a different one from the one disposed of in Beaumont."

We do not think any error is shown. The judgment of the district court in the divorce case shows clearly, we think, that the matter of the claim for money received from her father and loaned to appellant was, by agreement, not considered, and that the court who tried the case so understood. The judge's trial docket shows the following entry:

"July 14/20. Divorce granted upon payment of costs. All community property divided as per decree on file, and the children provided for as per decree on file."

The judgment expressly states:

"* * * That the parties plaintiff and defendant have agreed in open court as to the partition of the property heretofore held and owned in common by them."

[8] The court's ruling was not error for the additional reason: It is clear the cause of action asserted in the former suit was and is different from the one herein asserted. In the first she claimed money given her by her father, and in the instant case she claimed and proved money inherited by her from her mother's estate. The undisputed evidence not only showed the causes of action to be different, but also that plaintiff sues herein in a different character or right from that in the former suit. Caruth v. Grigsby, 57 Tex. 259 (266); Thompson v. Cragg, 24 Tex. 582; Downing v. Diaz, 80 Tex. 455, 16 S. W. 49. Moreover, this was a hearing on a motion for a new trial, based upon affidavits, not a hearing upon the merits of the original case. Gillaspie v. City of Huntsville (Tex. Civ. App.) 151 S. W. 1114; Lee v. Zundelwitz (Tex. Civ. App.) 242 S. W. 279.

[9-11] Appellant asserts that the court erred in overruling his motion for a new trial, because said motion showed that he had had no actual notice of the pendency of the suit, and that he exercised due diligence to present his defense when notice was received by him. The suit was filed and citation had by publication. An attorney was appointed to represent appellant, who appeared and filed answer. The case was called for trial December 8, 1921, and proceeded to trial. After hearing the evidence, the court took the case under advisement, and requested counsel to make some attempt to notify appellant of the pendency of the suit. On December 10th, counsel for appellee addressed the letter set forth, supra, to appellant's brother at Madill, Okl. It appears that from Houston to Madill, Okl., is about 360 miles, with rail connection, and that a letter thus sent should reach its destination in about 24 hours. That it was received by the person to whom addressed, and that the information in it contained was given to appellant, is apparent from the statement in his plea for a new trial that he "exercised due diligence to present his defense when notice was received." His motion does not disclose his whereabouts when he received the notice, nor the person from whom he received

same, nor the date he received it, nor when he acted in getting ready to present his defense, nor in what manner, whether by mail, telephone, telegraph, in person, or how. Ten days elapsed after the mailing of said letter to his brother before the judgment was rendered, and twelve days before his motion was filed, and in view of all the circumstances, and in the absence of any explanation of why he did not act sooner, we cannot say that appellant used reasonable diligence in the premises. In his motion he says:

"That though the residence of this defendant was known to plaintiff, the only service in this cause was by publication, and defendant had no actual notice of the pendency of this cause until too late to secure counsel and made a proper defense thereto.

"Because the attorney appointed by the court herein was not familiar with the facts and had no means of ascertaining the facts, did not communicate with this defendant until too late for the defensive facts to be furnished him, and hence this defendant had no opportunity to present his defense."

We do not believe that said pleading shows any diligence; that same are but statements of the conclusions of the pleader. This is not sufficient. The facts showing the diligence should have been stated. Motions of the character here in question are addressed to the sound discretion of the court, and, under the facts, we do not believe the court abused his discretion in overruling appellant's motion. Tomlinson v. Noel (Tex. Civ. App.) 223 S. W. 1030.

[12-14] Furthermore, if it be conceded that appellant exercised due diligence in presenting his defense, still he is not entitled to have the judgment against him set aside, unless he also clearly shows that he has a meritorious defense. In his motion for a new trial, appellant says:

"That this defendant has an absolute defense to this cause, in that the causes of action here asserted are res adjudicata and were determined against plaintiff in this case by the district court of Jefferson county, Texas, in cause No. 16568, styled Naomi Allen v. A. N. Allen, by judgment rendered therein on 14th day of July, 1920, certified copy of plaintiff's trial petition, defendant's answer, and judgment in said cause attached and made part hereof, and

for the further reason that regardless of said adjudication the sums of money alleged by plaintiff to have been her separate property were by the consent of both parties hereto expended for living expenses, principally for the clothing and expenses of the plaintiff and were not on hand at the time of the divorce decree between plaintiff and defendant, all of which this defendant can establish to the satisfaction of the court upon a trial of this cause."

We have already held that his plea of res adjudicata is not well taken, so if appellant is to be credited with exercising due diligence in appearing and making defense, still, unless the fact that he spent the money or the greater portion of same for living expenses, mostly for clothing for his wife, constitutes a meritorious and legal defense, his motion was properly overruled. We take it that the record establishes, without dispute, that the money in question existed and was the separate property of appellee, his wife. She says the money was her separate property. He does not deny it. She says that she loaned it to him upon his promise to repay it. He does not deny it. She says he has not paid same, and he does not deny that, but tries, by way of confession and avoidance, to escape the most of which he says was for clothing and other expenses of his wife, the plaintiff. Does his plea show a meritorious and legal defense to her demand? The duty to support his wife and family is imposed by law upon the husband. Moreover, he is bound to support his wife out of his own property, if he is able to do so, without resorting to her separate property. 13 R. C. L. § 220, p. 1188; Callahan v. Patterson, 4 Tex. 61, 51 Am. Dec. 712; Magee v. White, 23 Tex. 192. In his motion he nowhere avers that he was not able to support his wife, and that it therefore became necessary to use her separate funds for the support of his family. He makes no excuse, other than that he had spent the money.

It appearing that the matter in issue was not res adjudicata, and that the defenses alleged by appellant were neither legal nor meritorious, the court did not err in overruling the motion for new trial, and the judgment should be affirmed; and it is so ordered.

Affirmed.