## HAKE et al. v. DILWORTH et al.
### No. 1402.

Court of Civil Appeals of Texas. Waco.

Dec. 9, 1932.

584

Nat Harris, S. J. T. Smith, and Sleeper, Boynton & Kendall, all of Waco, for appellants.

John McNamara and J. W. Spivey, both of Waco, for appellees.

ALEXANDER, J.

This action was brought by Anna L. Hake, individually and as independent executrix of the estate of T. M. Dilworth, deceased, and Mrs. Marion Lucenay, against Tom G. Dilworth and the Southwestern Bell Telephone Company, for an injunction restraining said defendant Tom G. Dilworth from using certain fictitious names in conducting and advertising his business as an abstractor of land titles in the city of Waco and to restrain the Southwestern Bell Telephone Company from listing said defendant Tom G. Dilworth's business as conducted under said fictitious names in the telephone directory under the telephone number of the said Tom G. Dilworth. The plaintiffs alleged that T. M. Dilworth, deceased, during his lifetime owned and operated an abstract plant in the city of Waco under the names of "McLennan County Abstract Company" and "The Waco Abstract Compa-

ny"; that said business had been extensively advertised under said names and that the right to the exclusive use of said names in the operation of said business was a valuable asset; that Anna L. Hake and Mrs. Marion Lucenay, two of the plaintiffs, and Tom G. Dilworth, one of the defendants, were the children and heirs at law and sole equal devisees under the will of T. M. Dilworth, deceased, and that the said Anna L. Hake was the independent executrix of the estate of the said T. M. Dilworth, deceased; that, after the death of the said T. M. Dilworth, said executrix as such had taken charge of said estate and continued to carry on the business of said abstract business so belonging to said estate under said fictitious names, and had fully complied with the law by filing in the office of the county clerk of McLennan county an affidavit showing that she as such independent executrix was the owner of the "Waco Title Company," "McLennan County Abstract Company," and "The Waco Abstract Company." The plaintiffs further alleged that the defendant Tom G. Dilworth was engaged in the business of operating another and different abstract plant in the city of Waco, and that on or about the 29th day of March, 1932, said defendant fraudulently and for the purpose of deceiving the public and diverting the abstract business from the abstract plant so operated by said executrix and for the purpose of acquiring said business himself had filed in the fictitious name records of McLennan county an affidavit in which said defendant claimed to be the owner of and entitled to use the names of the "Waco Title Company," "McLennan County Abstract Company," and "The Waco Abstract Company," and had erected at the door of the place where his abstract business was conducted a sign advertising his business as conducted under said fictitious names, and was preparing to advertise said business in the telephone directory of the city of Waco and to have the same listed therein under the telephone number and address of said business, and that said defendant would continue to so advertise his business under said fictitious names and to divert the trade belonging to plaintiffs from the abstract plant so operated by them unless he was restrained from doing so.

This suit was cause No. 32166 on the docket of the trial court. Prior to the time of the filing of this suit, the defendant Tom G. Dilworth had filed in the same trial court a suit against Mrs. Anna Hake, individually and as independent executrix of said estate, in which the said Tom G. Dilworth as plaintiff in said suit had alleged that he had the exclusive right to use the fictitious names of "T. M. Dilworth Abstract Company," "McLennan County Abstract Company," and "The Waco Abstract Company" in conducting and advertising his business as an abstractor in McLen-

nan county, and that the defendants in said suit were using said names in conducting the business of the estate of T. M. Dilworth, deceased. He prayed for an injunction restraining the defendants in said suit from using said names. The defendants in said suit answered by a general demurrer and a general denial, and asserted the right of said executrix to use said fictitious names in advertising the abstract business so conducted by the said Anna Hake as executrix of said estate. Upon a trial of that case before a jury, the jury found that the said Mrs. Anna Hake, individually and as executrix of said estate in the use of said fictitious names in the manner alleged by the plaintiffs, was not calculated to mislead the public generally nor to cause the public to confuse their business with the business so conducted by the said Tom G. Dilworth. Thereupon the court in said cause No. 32106 entered a judgment for defendant denying the injunction as therein prayed. The plaintiff in said cause No. 32106 duly appealed to this court, and the same is now pending herein.

Upon the presentation of the petition in the case here under consideration to the trial court, said court, without any answer having been filed therein, concluded that it was without jurisdiction to hear and determine the question involved because the same question was involved and had been determined in said cause No. 32106 on the docket of said court, styled Tom Dilworth v. Anna L. Hake et al., and, as a consequence, of its own motion, proceeded to dismiss the petition in this suit. The plaintiffs appealed.

■■ The trial court concluded, and so certifies in its order dismissing the petition for injunction herein, that it did not have jurisdiction to hear and determine the question involved herein because the same questions were involved in said cause No. 32106 now pending on appeal in this court. It is apparent, therefore, that the trial court has dismissed the petition without adjudicating or determining the merits thereof. In this we think the court was in error. Upon the presentation of the petition herein, the trial court had the right to pursue either one of two courses in the exercise of its original jurisdiction. It could have accepted the petition and either granted or refused the temporary writ without hearing the evidence, or it could have set the case for hearing, and, after hearing the facts, could have either granted or refused the injunction, as warranted by the facts. Since the trial court has not exercised its original constitutional jurisdiction to act on the merits of the petition, we do not deem it proper for this court at this time to determine whether or not the court should have granted or refused the writ. This is a matter which should be first determined by the court of original jurisdiction.

■■ Since the case must be reversed and remanded for another trial, we deem it proper for this court to express an opinion on the question of whether the judgment in said cause No. 32106 disposes of the issues here involved. The record in said cause No. 32106, styled Tom Dilworth v. Anna Hake et al., is now on file in this court; an appeal having been duly prosecuted. Under the authorities it seems we are authorized to take judicial notice of the contents of said record. Cochran County v. Boyd (Tex. Civ. App.) 26 S.W.(2d) 364; Jones v. Osbolt (Tex. Civ. App.) 46 S.W. (2d) 422; Cocke v. Wright (Tex. Civ. App.) 23 S.W.(2d) 449; Ætna Insurance Co. v. Dancer (Tex. Com. App.) 215 S. W. 962. We have examined said record, and in our opinion the judgment in cause No. 32106 does not dispose of the issues here involved. In that case the defendant therein, plaintiff in this cause, did not file a cross-action to recover the exclusive right to use said fictitious names nor seek injunction restraining said Tom Dilworth from in any wise using such names nor otherwise request affirmative relief. In that case judgment was for the defendant, and the plaintiff was denied the right to enjoin the defendant from using said fictitious names. The right of the plaintiffs herein to restrain the defendant from using said fictitious names was not raised by the pleadings in the former action, and could not therefore have been litigated therein. Pishaway v. Runnels, 71 Tex. 352, 9 S. W. 260. It was not necessary for the defendant in that case to prove her exclusive right to the use of said names in order to defeat the action as brought by said plaintiffs.

■ Counsel for appellant in their argument before this court insists that this court should issue an injunction restraining the defendant from using said fictitious names, effective until the mandate can issue and the trial court again acquire jurisdiction over the subject-matter. Appellant has not, however, filed in this court any independent written application for such injunction. The case is presented to this court solely on the transcript from the trial court. We are not authorized to exercise such extraordinary authority on the record as presented. Moreover, we would not feel justified in exercising such extraordinary authority in this case should such an application be presented. An appellate court will sometimes issue an injunction to hold the matter in status quo in order to preserve and protect its jurisdiction over the subject-matter, but it will not grant a temporary writ of injunction merely for the purpose of preventing damages that would otherwise flow to a litigant pending appeal to this court. Madison v. Martinez (Tex. Civ. App.) 42 S.W.(2d) 84, par. 2, and authorities there cited. To exercise such right in this case would in part accomplish the purpose of the suit, and would, in effect, be reversing and rendering the case

before the merits have been passed on by a court of original jurisdiction. The question of whether or not the injunction should be issued is primarily for the court of original jurisdiction.

The judgment of the trial court is reversed, and the cause remanded for a new trial.