**CROW IRON WORKS et al., Appellants,**

v.

**TEXAS WATER RIGHTS COMMISSION et al., Appellees.**

No. 12698.

Court of Civil Appeals of Texas, Austin.

Aug. 9, 1978.

Rehearing Denied Aug. 16, 1978.

Frank R. Booth, Booth, Lloyd & Simmons, James W. Wilson, Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellants.

John L. Hill, Atty. Gen., Douglas G. Caroom, Asst. Atty. Gen., Austin, for Texas Water Rights Commission.

Neal P. King, King, Waite & Guerra, Mission, for intervenor Water Districts.

O'QUINN, Justice.

Crow Iron Works and three other irrigators of land in the Rio Grande Valley brought this lawsuit against the Texas Water Rights Commission in July of 1975 seeking to set aside orders of the Commission denying requests of the irrigators for Class A Priority Water Allocations in lieu of existing Class B. Priorities.[1]

The Commission denied relief on the ground that plaintiffs' claims of water right had been adjudicated finally in 1969 by judgment of the Court of Civil Appeals in *State v. Hidalgo County Water Control and Improvement District No. 18*, 443 S.W.2d 728 (Tex.Civ.App. Corpus Christi 1969, writ ref'd n. r. e.), which the Commission ruled denied it authority to grant relief.

The cause was tried before the district court without aid of a jury, and the trial court in July of 1977 entered judgment that plaintiffs below take nothing by their suit. The trial court found that ". . . under the doctrine of res judicata the Plaintiffs are precluded by the judgment in *State v. Hidalgo WCID No. 18* . . . from asserting the claims which were the subject matter of the Plaintiffs' petitions before the Texas Water Rights Commission . . [and the Commission] was correct in denying the Plaintiffs' petitions on that ground."

Plaintiffs have appealed and bring the single point that it was error for the trial court to hold ". . . that under the doctrine of res judicata the appellants were precluded by the judgment in the Rio Grande water rights case from asserting water rights which were conveyed to them after the inception of the litigation" in that cause, styled *State v. Hidalgo County Water Control and Improvement District No. 18, supra.*

We will reverse judgment of the trial court and render judgment setting aside the orders entered by the Texas Water Rights Commission and remanding the case to the Texas Department of Water Resources for consideration of appellants' claims on the merits.

In the Valley Case, as the parties refer to *State v. Hidalgo County Water Control and Improvement District No. 18, supra,* the Court of Civil Appeals found that some water rights for irrigators in the Rio Grande Valley fell into (a) *legal* and (b) *equitable* classes. These two classes were designated "Class A (Legal)" and "Class B (Equitable)" in the appellate court's opinion.

*Class A* rights were given those persons or entities who acquired right to use waters of the Rio Grande by virtue of having complied with the appropriation statutes of the state or whose rights had been recognized by the state, particularly those users holding under a *legal* "certified filing." (443 S.W.2d 748). *Class B* rights, *equitable* in nature and lower on the weighted priority scale, were accorded those users who had been making a good faith use of the waters of the Rio Grande for irrigation purposes prior to institution of the Valley Case in 1956 but who did not qualify as *Class A* users. (443 S.W.2d 749).

It does not appear to be in dispute that, as pointed out by appellants, many holders of *Class A* rights acquired their rights initially, not as contemplated by statutes, but by starting irrigation and later acquiring title to an unexercised portion of a permit or certified filing which covered their land. Appellants assert that although they hold *Class B* rights, factual situations governing their lands are identical to factual situations of many other users who were adjudi-

---

1. Plaintiffs below, now appellants, are Crow Iron Works, L. M. B. Corporation, Hidalgo County Water Control and Improvement District No. Fifteen, and Gustave Ring. The Texas Department of Water Resources is appellee as statutory successor of the Texas Water Rights Commission under provisions of Acts 1977, 65th Leg., p. 2207, ch. 870, secs. 8 through 12 (pp. 2343–4), effective September 1, 1977.

Joined as appellees are parties intervening below: Cameron Water Improvement District No. Two, Donna Irrigation District Hidalgo County No. One, Hidalgo County Water Improvement District No. Three, and Hidalgo County Water Control and Improvement District No. Fourteen. Briefs for the four intervening water districts are also filed in behalf of three additional water districts.

cated *Class A* rights under the judgment in the Valley Case. The difference, they urge, lies in the fact that appellants' water rights conveyances were dated *after* inception of the Valley Case litigation, whereas conveyances to the users accorded *Class A* rights were dated *prior* to inception of the litigation. Appellants contend that although they were denied *Class A* rights in the Valley Case, denial was on grounds other than the merits and without prejudice to re-assertion in later presentment of their claims.

Appellants in this suit petitioned the Texas Water Rights Commission in 1973 to grant them *Class A* priority in lieu of the *Class B* priority confirmed to them in the Valley Case. The basis of their petition was the acquisition of theretofore unutilized and undeveloped *legal* water rights subsequent to the filing of the Valley Case in 1956 but prior to the *lis pendens* notice in 1962 and prior to the entry of judgment in 1966. Appellants, or their predecessors in interest, asserted their claim to *Class A* rights in district court and later in the Court of Civil Appeals in the Valley Case, but because their *legal* water rights were acquired after the court had taken judicial custody of the American waters of the Rio Grande, the claims of appellants were not recognized as *Class A (Legal)* rights.

In this controversy the parties join issue on the meaning to be found in that part of the supplemental opinion of the Court of Civil Appeals which dealt with appellants' claim that their *equitable* water rights had been raised to *Class A (Legal)* status through acquisition of undeveloped *legal* rights.

The Court of Civil Appeals, in its supplemental opinion in the Valley Case, after reviewing the transfer background of the rights now held by Crow Iron Works and noting that the date of the most recent transfer was ". . . long after the court took judicial custody of the American waters of the Rio Grande," reserved further comment for its fuller statement referring to Hidalgo County Water Control and Improvement District No. *Thirteen*, wherein the Court pointed out:

"It may be that such *state authority as will control and regulate the waters* of the Rio Grande *after the determination of this suit* would be empowered to make some adjustment in this situation, but neither the trial court nor this court in the present cause *can* recognize contracts or actions taken by parties, pendente lite, while the Rio Grande waters were in judicial custody." (Emphasis added). (Supplemental Opinion, p. 11).

Such state authority as would "control and regulate the waters of the Rio Grande after determination of" the Valley Case was clearly specified by the Court of Civil Appeals in writing on motion for rehearing:

"After the rendition of this opinion, the Water Rights Adjudication Act became effective and Section 8 thereof authorizes and enjoins the Texas Water Rights Commission to administer adjudicated water rights. The term 'adjudicated water rights' embraces those adjudicated in a judicial as well as an administrative proceeding, and the Act is, therefore, applicable to the waters of the Rio Grande and so far as administration is concerned, such Act supersedes the administrative procedure set forth in the judgment rendered herein. Any power which under the wording of the judgment might remain in the trial court to enlarge, modify or abrogate any right recognized by the judgment is likewise superseded by the provisions of the Water Rights Adjudication Act." (443 S.W.2d 761).

The court expressly incorporated the supplemental opinion with the reported opinion in its "Judgment on Rehearing" in the Valley Case.

In the reported main opinion of the Court of Civil Appeals the court stated the reason the court could not at that time raise the equitable claims to the status of legal rights. For example, the court, after examining the transfer history of the rights acquired by Gustave Ring, stated:

"It appears that subsequent to the filing of this suit and the trial court's action in taking judicial custody of the Ameri-

can waters of the Rio Grande, there were in some instances additional contracts executed by the district which, so it is contended, operated to vest a legal title to a water right in some of the Willacy County claimants. *Because* these contracts or purported *conveyances were executed pendente lite, we cannot* recognize them as forming a basis for an equitable claim or raising an equitable claim to a legal status." (Emphasis added). (443 S.W.2d 754, col. 2).

The specific issue in this cause is whether the Court of Civil Appeals preserved for appellants their right to petition the Water Rights Commission, or its successor, for change of their water rights to Class A status by excluding that issue from the scope of adjudication in the Valley Case, or whether, on the contrary, the court *denied* appellants' claims because the rights were acquired *pendente lite*.

The contention of the Attorney General in behalf of the Water Rights Commission is that the undeveloped legal water rights acquired after 1956 were invalidated by the judgment of the Court of Civil Appeals and that the determination appellants at that time were entitled to *Class B* rights is *res judicata* of their claim now for *Class A* status. Appellants contend that their claims are not barred under the doctrine of *res judicata* because the Court of Civil Appeals in its opinion indicated that validity of acquisitions *pendente lite* was not passed on, therefore not adjudicated, and the judgment therefore is not a bar to subsequent litigation. In reply, the State takes the view that the language of the opinion did not preserve the claim for future adjudication and that ". . . reference to a state authority making an adjustment in the situation must be regarded as a well intentioned, and unfortunate, attempt to soften the blow of the court's actual decision."

▮ After careful examination and study of the reported opinion and the supplemental opinions of the Court of Civil Appeals in the Valley Case we conclude and hold that the court intended to and did exclude from its adjudication the question of validity of acquisitions *pendente lite* of undeveloped legal water rights. The court at least twice explained that after the waters of the Rio Grande came into custody of the trial court, the courts were unable to recognize actions taken by parties *pendente lite*.

The fact that the court suggested "adjustments in this situation" could be made by "such state authority as will control and regulate the waters of the Rio Grande" could hardly be regarded as an attempt at amelioration of its decision, as suggested by the State, but actually we think demonstrates the prescience one might have expected of the eminent justice who wrote the opinion and of his associates who participated and concurred. (443 S.W.2d 760) The language of that suggestion may be termed an acceptable mode of giving advice to counsel without violating the bar against advisory opinions. For an example of similar far-reaching advice by the Supreme Court see *City of Tyler v. Smith County*, 151 Tex. 80, 246 S.W.2d 601, 607 (1952).

The State insists that the judgment of the Court of Civil Appeals is broad and clearly encompasses adjudication of the matters appellants contend the court excluded from determination in its opinion. The Supreme Court stated the controlling rule in 1897 in this language:

"While the prima facie effect of a general decree is to adjudicate every issue raised by the pleadings, it has never been held, in any case that we are aware of, that a decree adjudicates any issue which the court therein expressly excludes from its determination." *Groesbeeck v. Crow*, 91 Tex. 74, 40 S.W. 1028, 1030 (1897).

In an earlier opinion the Supreme Court recognized the general principle applicable to final judgments but stated the exception, or limitation, that where the record shows a matter was not passed on, the principle must yield as to such matter and the judgment is not as to it *res judicata*. *Teal v. Terrell*, 48 Tex. 491, 508–509 (1878). There the Supreme Court said:

"While it is not controverted, that, as a general principle, the judgment or decree

of a court of competent jurisdiction is not only final as to the matters actually determined thereby, but also upon all matters properly involved in the issue passed upon and determined by the court; and that all matters put in litigation in a previous suit, and which could have been adjudicated therein, are concluded by it . . .. But certainly it cannot be so held, where the record clearly shows that the matter in question was not in fact passed upon or adjudicated by the court; and this, too, when it could not, under the pleading and verdict, have been decided adversely to the party against whom the judgment is claimed to operate as *res judicata*." (48 Tex. 508–9).

Even when the subject matter is the same and the parties are identical in two separate suits, the judgment of the first cause will not bar the second lawsuit asserting a different cause of action relating to the same subject matter. *Pishaway v. Runnels*, 71 Tex. 352, 9 S.W. 260 (1888); *Allen v. Frank*, 252 S.W. 347, 351 (Tex.Civ.App. Beaumont 1923, no writ).

We consider it clear that the Court of Civil Appeals in the Valley Case refused to recognize the claims of appellants and raise them to legal status because the conveyances upon which appellants relied were executed *pendente lite* and the appellate court had no authority to consider the claims. We conclude that the Court of Civil Appeals therefore did not purport to, and did not, pass on or adjudicate the merits of the claims made by appellants. The Court did recognize that the state authority later to control and regulate the waters of the Rio Grande, after conclusion of the Valley Case, would in the exercise of its statutory powers make appropriate adjustments in the situation.

Under the authorities reviewed, we hold that the judgment in the Valley Case is not *res judicata* as to the claims appellants sought to have heard and considered by the Texas Water Rights Commission.

Several water districts, parties to the Valley Case, have intervened in this case and on appeal contend that the judgment of the trial court was "right for the wrong reason" because the "Texas Water Rights Commission had no original jurisdiction of the proceeding appealed." This position is untenable and without merit, and the Attorney General apparently does not share the view of intervenors and instead contends that the Commission had authority necessary to grant the relief requested but could not exercise that authority for the reason that judgment in the Valley Case was *res judicatà* of appellants' claims.

 We hold that the Texas Water Rights Commission had, and its successor now has, jurisdiction to hear and decide the petition of appellants requesting Class A Priority Water Allocations in lieu of their existing Class B Priority Water Allocations. (Water Rights Adjudication Act, Secs. 11.-301 et seq., Texas Water Code, V.A.T.S., derived from former Secs. 5.301 et seq., Texas Water Code, Subchapter G.)

For the reasons stated, judgment of the trial court is reversed, and judgment is rendered that the cause be remanded to the Texas Department of Water Resources for consideration of the claims of appellants on the merits of the claims.