### P. H. GROESBECK ET AL. v. M. J. CROW.

#### No. 560.—Decided May 27, 1897.

**1. Limitation—Death of Party Entitled to Sue.**

Action to set aside a deed of trust and conveyance by the trustee thereunder on the ground of fraud and collusion between the trustee and the purchaser accrued at the time of making the deed and was subject to the statute of limitation of four years (Rev. Stats., art. 3358), but the statute was suspended for one year on the death of the party entitled to sue, where there was no administration upon his estate (Rev. Stats., art. 3369), and suit brought by his heirs more than four and less than five years after the conveyance by the trustee was not barred. (P. 76.)

**2. Same.**

The statute (Rev. Stats., art 3369) makes no exception of cases where no administration is necessary and the courts have no authority to do so. (P. 76.)

**3. Res Adjudicata—Issues Excluded.**

A judgment is not res adjudicata as to issues expressly excluded from the determination by the ruling of the court. (Converse v. Davis, 90 Texas, 462; Pishaway v. Runnells, 71 Texas, 352; Teal v. Terrell, 48 Texas, 508.) (Pp. 77, 78.)

ERROR to the Court of Civil Appeals for the Second District, on error from Erath County.

*J. C. Scott* and *W. S. Essex*, for plaintiffs in error.

*Humphreys & McLean, M. F. Martin* and *Lee Young*, for defendants in error.

BROWN, ASSOCIATE JUSTICE.—On September 24, 1892, P. H., J. N., Henry S. and Mrs. Mollie Groesbeck as surviving wife of Charles F. Groesbeck, deceased, brought this suit against Mrs. M. J. Crow, surviving wife of M. S. Crow, deceased, to cancel a trust deed made by Hyman and wife to J. B. Simpson and a deed made thereunder by said Simpson to M. S. Crow. After the deed of trust was made by Hyman and wife to J. B. Simpson the plaintiffs in error acquired the title from Hyman and wife, and thereafter J. B. Simpson, on the third day of January, 1888, in pursuance of a sale made under the trust deed, executed and delivered to M. S. Crow a deed for the land in controversy, being 1280 acres of the Manchaca survey in Erath County.

The plaintiffs' petition alleged, that the defendant M. J. Crow was surviving wife of M. S. Crow deceased, to whom the deed was made by Simpson; that the said M. S. Crow died on the third day of May, 1891,

and that M. J. Crow was his only heir; that there was no administration upon the estate of the said M. S. Crow and no necessity for such administration.

The petition alleged the facts sufficient to show a fraudulent combination between J. B. Simpson and M. J. Crow in the sale of the land, and also to show that the principal part of the note, to secure which the deed of trust was given, had been virtually discharged by funds placed in the hands of the trustee who had misapplied the same before the time of the sale, notice of which was charged upon M. S. Crow, the purchaser at the said sale. The allegations of the petition upon this subject were full and sufficient and it is unnecessary for the purposes of this examination to enter more into detail with regard to such allegations.

The petition also alleged that the plaintiffs, with the exception of Charles Groesbeck and Mollie Groesbeck, instituted suit in the District Court of Erath County, on the 16th day of April, 1888, against M. S. Crow, in the form of action of trespass to try title, for the recovery of title and possession to the said land, in which action judgment went for the said M. S. Crow, but that the equities asserted in this suit were not adjudicated in the said action, and that on appeal regularly taken to the Supreme Court that court affirmed said judgment without prejudice to the equities of plaintiff, excluding said equities from the determination of the case.

To this petition the defendant, M. J. Crow, filed a general demurrer and a special exception setting up that it appeared from the face of the petition that the cause of action therein set up was barred by the statute of limitation of four years, and also by special exception that it appeared from the petition that the defendant had a good and valid title to the land, that the plaintiffs had no right of action to recover the said land or any part thereof. The trial court overruled the special exceptions and upon trial before a jury rendered judgment in favor of the plaintiffs cancelling the said deed of trust and deed set up and described in the petition. Upon appeal to the Court of Civil Appeals the judgment of the District Court was reversed and judgment entered in favor of M. J. Crow against the plaintiffs in error, that court holding that the cause of action of the plaintiffs in error was barred by the statute of limitations of four years. The plaintiffs in error have applied for a writ of error upon the ground that the Court of Civil Appeals erred in so holding.

There is in this case no statement of facts nor finding of fact by the trial court, and we therefore cannot review any question presented by the defendant in error, to the Court of Civil Appeals based upon the facts of the case.

Article 3358, Revised Civil Statutes, prescribes four years as the period of limitation applicable to this class of actions. The cause of action in this case did not arise before the deed was executed, which was on the 3rd day of January, 1888; the suit was filed on the 24th day of September, 1892, more than four and less than five years after the execution

of the deed.    M. S. Crow, against whom the cause of action arose, died in the year 1891.

Article 3369, of Revised Statutes, is as follows: "In case of the death of any person against whom there may be a cause of action the law of limitation shall cease to run against such cause of action until twelve months after such death unless an administrator or executor shall have sooner qualified according to law upon such deceased person's estate; and in that case the said law of limitation shall only cease to run until such qualification."    There was no administration upon the estate of M. S. Crow, and by the terms of the article quoted the statute of limitation was upon his death suspended for a year, which extended the time within which suit must be brought to five years from the time the deed was made.

Chief Justice Tarlton wrote the opinion of the Court of Civil Appeals and very succinctly and clearly stated the conclusion of the court that this cause of action was barred by the statute of limitation and correctly held that the statute was not suspended by the institution and pendency of a former suit.    But the Chief Justice does not notice the provisions of article 3369.    This perhaps is an oversight arising out of the fact that the counsel for the defendant in error in that court did not suggest a suspension of the statute by the death of Crow, but insisted upon its suspension by the institution and pendency of the former suit, whereby the attention of the court was diverted from the real ground upon which it can be maintained that the statute was suspended.

In this instance there was no necessity for administration upon the estate of the deceased party, but that is not expressed as an exception in the statute.    It is not said in the article quoted, either expressly or by implication, that limitation shall be suspended as to all estates, where administration is necessary, for one year or until administration is had. The language of article 3369 is plain and unambiguous, leaving no room for construction.    The Legislature saw fit to adopt the policy of suspending the statute for one year or until administration should be had in all cases, and we think that if a reason were necessary to be given to sustain the law it could be found in the fact that as a general rule it requires time to determine whether the estate needs administration or. not, and also to arrange for the proper conduct of such administration. If the courts were to engraft an exception upon this plainly expressed provision of the statute so as to make an exception in case administration were not necessary, then how could the party who has the cause of action determine whether administration was necessary or not?

It is sufficient, however, for the court that the law so prescribes, and this cause of action against M. S. Crow being in existence at the time of his death, limitation was suspended for the period of one year, giving five years time within which to file the suit, and the suit having been filed within that time, the Court of Civil Appeals erred in reversing the judgment of the District Court upon that ground and in entering judgment against the plaintiffs in error for the land.

M. J. Crow, the plaintiff in error in the Court of Civil Appeals, assigned in that court as ground of error, that the trial court erred in overruling the exception to the plaintiff's petition, based upon the proposition that the allegations of the petition showed that the cause of action therein set up had been fully adjudicated, and that the matter was res adjudicata.

The allegations in the petition show that the issue presented therein— that is, the right of the plaintiffs in this suit to have the deed in question set aside because of the fraud committed upon them by the parties to the said transaction, was not decided by the court in that case, but that the said judgment expressly excluded that issue from the determination of the court. The judgment in the former suit under these circumstances constituted no bar to the action of plaintiffs in this case. Converse v. Davis, 90 Texas, 462; Pishaway v. Runnells, 71 Texas, 352; Teal v. Terrell, 48 Texas, 508.

In the case of Converse v. Davis, upon a similar issue, this court said: "The fourth special exception was improperly sustained, because it does not appear from the petition that the cause of action here asserted— the right to have a substitute trustee appointed—was in any way involved in the cause of Davis v. Andrews, and because it does appear from the petition that in said cause neither the existence of the debt nor the validity of the lien was adjudicated, but it was simply held that on account of the defense of limitation of four years, set up by Davis in avoidance of a judgment against him, the executors were not entitled to a personal judgment on the notes, and a foreclosure on and judicial sale of the property. While the prima facie effect of a general decree is to adjudicate every issue raised by the pleadings, it has never been held in any case that we are aware of that a decree adjudicates any issue which the court therein expressly excludes from its determination. The fact that it appears from the face of a decree that it did not dispose of all the issues might in some cases show that it was not final, but it could not have the effect of broadening its scope, so as to make it effective as an adjudication of the undisposed of issues."

In the case of Teal v. Terrell, 48 Texas, 508, the court, after laying down the general proposition that the judgment of a court was conclusive upon all matters which might have been litigated under the pleadings in that suit, said: "But certainly it cannot be so held where the record clearly shows that the matter in question was not in fact passed upon or adjudicated by the court; and this, too, when it could not, under the pleadings and verdict, have been decided adversely to the party against whom the judgment is claimed to operate as res adjudicata."

In the former suit between these parties the Supreme Court held that the plaintiffs in the former suit could not be heard to question the validity of the deed made by Simpson to M. S. Crow, under the allegations contained in the petition, and the judgment in that case was based upon the ground that the rights of the parties could not be litigated in that

suit, and the court expressly stated that they were not so litigated and adjudged therein.

There is no error assigned by M. J. Crow, of which we can take cognizance in this case, that justifies the reversal of the judgment of the District Court. It is therefore ordered that the judgment of the Court of Civil Appeals reversing the judgment of the District Court and rendering judgment in favor of M. J. Crow against the plaintiff in error be reversed and set aside and that the judgment of the District Court be affirmed.

*Judgment of Court of Civil Appeals reversed.*
*Judgment of District Court affirmed.*