VAN WORMER v. GALLIER.   (No. 209.)

(Court of Civil Appeals of Texas.  Beaumont. May 3, 1917.)

1. BILLS AND NOTES ⚮⚮92(5)—CONSIDERATION—PRE-EXISTING DEBTS.

Promissory notes executed by defendant to take the place of a pre-existing debt due by another to plaintiff are not invalid as not being

supported by consideration; the surrender and cancellation of the previous note being sufficient.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 196–198.]

2. BILLS AND NOTES ☞471—ACTIONS—ATTORNEY'S FEES.

In a suit on a promissory note, attorney's fees may be allowed as provided for in the note, without allegations and proof that it was necessary to place the same in the hands of attorneys for collection.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1467–1470.]

3. BILLS AND NOTES ☞534 — ACTIONS — ATTORNEY'S FEES.

In a suit on a promissory note, attorney's fees may be allowed, notwithstanding the absence of proof as to amount agreed upon for collection.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1946, 1947.]

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Action by R. W. Gallier against Lucy A. Van Wormer. Judgment for plaintiff, and defendant appeals. Affirmed.

Howth & Adams and F. G. Vaughn, all of Beaumont, for appellant. Watts & Duffie, of Beaumont, for appellee.

BROOKE, J. This suit was brought by appellee, plaintiff in the court below, against appellant, to recover a judgment against appellant on two promissory notes, one for $400, dated December 27, 1915, and one for $500, dated December 27, 1915.

Defendant answered that said notes were made to take the place and stand in lieu of notes for like amounts made by Frank Meagher for a pre-existing debt for which R. W. Gallier was a surety, and that said notes becoming due, and Frank Meagher being unable to pay, the said Gallier became bound to and did pay them; that thereafter, at request of Gallier; Frank Meagher procured the execution of the notes herein sued on to take the place of the amounts plaintiffs paid, by reason of his indorsement and suretyship, and that said notes sued on against appellant are not supported by any consideration, and that she was neither principal, surety, nor obligor on the notes originally executed by Frank Meagher, and that they were of no advantage or benefit to her, to which answer plaintiff filed a supplemental petition alleging that at the time of the execution of said notes plaintiff held the notes of Frank Meagher, the son-in-law of appellant, and was threatening to bring suit thereon, when the said Meagher, in consideration of the acceptance of the notes sued on by plaintiff and the surrender of Frank Meagher's notes held by him, delivered to this plaintiff the notes sued on, all of which was well known to plaintiff, and that defendant is estopped from denying liability. Defendant answered by supplemental answer, excepting to said supplemental petition on the ground that same set up no ground of estoppel against defend-ant to plead want of consideration, and denying that she was in any way benefited by plaintiff withholding legal proceedings against Frank Meagher, and further excepting to said supplemental petition on the ground that it did not allege how or in what way she could be or was benefited by plaintiff withholding legal proceedings against Meagher, or in what way she would suffer loss or disadvantage by a suit against Frank Meagher on a note on which defendant was not an indorser or surety, and not the maker thereof, and not in any way liable thereon, and alleging also that Frank Meagher was insolvent, and that he could not be injured by the bringing of said suit. The court entered judgment in favor of appellee on both of said notes in the sum of $1,076.48, principal, interest, and attorney's fees, with 10 per cent. per annum interest from date of judgment. Appellant in due time filed a motion for a new trial on the ground: First, that the pleading and the undisputed proof show that said notes were without consideration; second, that plaintiff failed to allege and prove that the notes were presented to appellant for payment, and that payment was refused, and that it was necessary to employ attorneys to sue on them, which motion being overruled, the appellant then and there gave notice of appeal in open court to this court, and thereafter in due time filed her appeal bond, and the cause is now properly before this court for review.

[1] Complaint is made by the first assignment of error that:

"The court erred in rendering judgment for plaintiff, because the undisputed evidence shows that said notes were executed by defendant to take the place and stand in lieu of a pre-existing debt due by Frank Meagher to plaintiff, without any other consideration, by reason of plaintiff having become an accommodation indorser on Frank Meagher's notes."

The proposition under this assignment is:

"A promise to pay the pre-existing debt of another, without any further or additional consideration, is not binding."

On the other hand, it is contended that where, as in this case, one person executes and delivers his or her notes to a third party in payment of the indebtedness of another, and such indebtedness is there paid and relinquished, such notes are based upon a sufficient consideration, and are valid and enforceable.

The question of consideration for the execution of notes under similar circumstances was decided in the case of Meyers v. Van Wagoner et al., 56 Mo. 115, in which case the court said:

"The facts as developed on the trial appear to be: That the plaintiff held the note of Adaline H. Van Wagoner's son by a former marriage for loaned money; that this son was wholly insolvent; that the plaintiff applied to Mrs. Van Wagoner to assume the debt, which she did by executing her own note for the same, and taking up and destroying her son's note; that plaintiff held this note for some time, when

she renewed it by giving the note in suit with an extension of time of payment. Nothing was said by either party in regard to her separate property when she executed the notes referred to. She testified on the trial that she did not intend to bind her separate property by assuming the debt and giving her own notes for it. But there was no proof that anything at all was said about her separate property at the time of executing either note. It was admitted that the real estate described in the petition was and still is her separate property. The point that the note sued on was voluntary and without consideration was not sustained by the proof. The surrender and cancellation of her son's note was a sufficient consideration for the note she executed. If the first note was good, the second note in renewal was certainly good, as it was supported by the same consideration, and also by the further consideration of the extension of time."

We think the appellee's contention is correct, and the consideration was sufficient, and the record does not reflect whether or not any consideration was paid by Frank Meagher to Mrs. Van Wormer for the execution of the two notes. There being no error in the action of the court on this matter, the assignment is in all things overruled.

[2] The second assignment is to the effect that the court erred in rendering judgment for attorney's fees, because plaintiff failed to allege and prove that said notes becoming due, they were presented to defendant and she failed to pay them, and that it was necessary to place same in the hands of attorneys to collect them.

The proposition under this assignment is: "In order to be entitled to recover attorney's fees on a note providing for attorney's fees, it is necessary to both allege and prove that payment was denied, and that it was necessary to place same in the hands of attorneys for collection."

The law is not with the appellant on this proposition, but is to the effect that it is not necessary to prove that payment was denied. The plaintiff alleged a demand and refusal to pay the notes, also set up and prayed for attorney's fees. The authority relied on by appellant is not the law now in this state on the proposition presented.

[3] The third assignment is: "The court erred in rendering judgment for attorney's fees in the absence of proof as to what, if any, amount the holder of the note had agreed to pay the attorneys for collecting same."

What we have said above disposes of this assignment, and both of the assignments are overruled.

Finding no error in the action of the trial court, the judgment is in all things affirmed.