## JOLLY v. FIDELITY UNION TRUST CO. et al.

### (Motion No. 7782; No. 972–4810.)

Commission of Appeals of Texas, Section A. Nov. 21, 1928.

For original opinion, see 298 S. W. 530.

Kay, Akin & Smedley, of Wichita Falls, for appellant.

Edward R. McGlynn, of Newark, N. J., and Reuben Loftin and W. G. Eustis, both of Henrietta, for appellees.

HARVEY, P. J. In her motion for rehearing, the appellant, Pauline B. Jolly, assails the holding made in our original opinion, written by Judge Bishop, to the effect that the burden of proof was on the appellant, in support of her plea of limitation, to show that an administration had been opened upon the estate of Edward R. Holden, Sr., within twelve months after his death. Article 5538 of the Revised Statutes reads as follows:

"In case of the death of any person against whom or in whose favor there may be a cause of action, the law of limitation shall cease to run against such cause of action until twelve months after such death, unless an administrator or executor shall have sooner qualified according to law upon such deceased person's estate, in which case the law of limitation shall only cease to run until such qualification."

■■ The general rule is to the effect, as is asserted by the appellant, that one who attempts to bring himself within any saving exception to the statutes of limitation has the burden of proving the facts coming within the saving exception. We are of the opinion, however, that this burden, which was on the appellee in this case, was discharged by proof of the fact of death of Edward R. Holden, Sr., and the date thereof. By virtue of the first or principal clause of the above statute, the running of the statute of limitation against the appellee's claim was suspended for the fixed period of 12 months.

■ Under the excepting clause to the first clause, this period of suspension was subject to be tolled by the opening of an administration upon Holden's estate within such period. It seems clear that the burden was on the appellant to prove this tolling fact, if she desired to avail herself of the saving exception to this suspension statute. In the case of Groesbeck v. Crow, 91 Tex. 76, 40 S. W. 1029, Judge Brown, speaking for the court with reference to this statute, said:

"The Legislature saw fit to adopt the policy of suspending the statute [of limitation] for one year or until administration should be had in all cases, and we think that, if a reason were necesary to be given to sustain the law, it could be found in the fact that as a general rule it requires time to determine whether the estate needs administration or not, and also to arrange for the proper conduct of such administration."

If this is the true reason for the passage of this statute, and we think it is, then courts will not indulge the presumption that an administration was opened upon the estate of the decedent during the 12-month period which the statute allows interested parties for the ascertainment of the need of administration and the making of arrangements for the proper conduct thereof.

The third question which is certified herein by the Court of Civil Appeals reads as follows:

"(3) Was the suit to foreclose the lien as against Mrs. Pauline B. Jolly barred by the statute of limitation of four years, under the provisions of articles 5521, 5522, or 5523, even though it be said that action to recover on the notes was not barred by limitation?"

The articles mentioned in this certified question are those of the Revised Civil Statutes of 1925, and in our original opinion we predicated our answer to the above question upon the articles named therein. But the appellant, in her motion for rehearing, points

541

out the fact that the present suit was filed before such statutes became effective, and that the question as certified really has reference to articles 5693 and 5695 of the Revised Statutes of 1911, as same were amended by the act of 1913 (Acts 1913, c. 123). The articles mentioned in the above question are in some respects worded differently from those last mentioned. We therefore withdraw what is said in our original opinion relative to said articles of the Revised Statutes of 1925, as not being germane to the case, and we shall treat the above certified question as having reference to articles 5693 and 5695, mentioned above. Said article 5693 reads as follows:

"No power of sale conferred by any deed of trust or any mortgage on real estate heretofore executed, or that may hereafter be executed, shall be enforced after the expiration of four years from the maturity of the indebtedness secured thereby, and any sale under such power after the expiration of such time shall be void, and such sale may be enjoined and the lien created in such mortgages or deeds of trust shall cease to exist four years after the maturity of the debt secured thereby. Provided, if several obligations are secured by said mortgage or deed of trust, the same may be enforced at any time prior to four years after the note or obligation last maturing has matured and may be enforced as to all notes or obligations not then barred by the four years statute of limitations."

The relevant portions of article 5695 read as follows:

"When the date of maturity of either debt referred to in either of the foregoing articles is extended, if the contract of extension is signed and acknowledged as provided for in the law relating to the execution of deeds of conveyance by the" party or parties obligated to pay such indebtedness as extended "and filed for record in the county clerk's office in the county in which the land is situated, the lien shall continue and be in force until four years after maturity of the notes as provided in such extension, the same as in the original contract, and the lien shall so continue for any succeeding or additional extension so made and recorded. The date of maturity set forth in the deed of conveyance or deed of trust or mortgage, or the recorded renewal and extension of the same, shall be conclusive evidence of the date of maturity of the indebtedness therein mentioned. * * *"

█ It is our opinion that the above-quoted provisions of article 5695 were not intended by the Legislature to have application where an unbarred lien is extended by the parties to it, and no other persons are affected by the extension, except those holding under voluntary conveyance from the mortgagor in subordination to the lien. We found this conclusion upon the holding and sound reasoning of Judge Powell in the case of Watson v. First National Bank (Tex. Com. App.) 285 S. W. 1050. In that case it was held, and we think properly so, that, notwithstanding the extension of the lien there in question did not conform to the requirements of the above-quoted provisions of article 5695, it was binding on the parties to it.

██ Although the extension agreement executed by Holden does not expressly extend the deed of trust lien, as did the instrument of extension in the Watson Case, that fact becomes of no importance here. The bank had no notice of the deed of reconveyance from Holden to Mrs. Jolly at the time the deed of trust was executed; such deed of reconveyance is not supported by a valuable consideration; the extension was not an attempt by the parties thereto to recharge the property with a lien that had ceased to exist, for it was made before the lien became barred. For these reasons Mrs. Jolly had no rights which she could urge against the effective operation of the extension agreement.

The rule has been long established in this state that the lien by which a debt is secured is incident to the debt; and that a written extension of the maturity date of the debt, by the debtor, operates as an extension of the lien also, unless the extension agreement shows otherwise. In legal effect the status of Mrs. Jolly with respect to the land, so far as the bank was concerned, was that of one acquiring the land under voluntary conveyance from Holden, the mortgagor, while the mortgage lien remained subsisting. Whatever may be the effect of the above-quoted provisions of article 5695 in other respects, it may be safely concluded that the Legislature did not intend thereby to restrain the operation, in cases like this one, of the long-established rule just mentioned.

The deed executed by Mrs. Jolly and husband to Holden, for the purpose of enabling him to borrow money on the land, and the deed of reconveyance by Holden to Mrs. Jolly, appear to have been executed in the same transaction. No restrictions appear to have been imposed, either expressly or impliedly, concerning the maturity dates of the indebtedness with which Holden was to charge the land. Even if Mrs. Jolly should be regarded as never having parted with the title to the land, we are not sure that a court of equity would not disregard the form of the transaction and treat it as vesting Holden with power to mortgage the land, and to control, as he saw fit, the maturity dates of the indebtedness covered by the mortgage.

We recommend that certified question No. 3, in the amended form that we have treated it, be answered in the negative, and that the appellant's motion for rehearing be overruled.