**VAN WORMER v. GALLIER.** (No. 1881.)

Court of Civil Appeals of Texas. Beaumont. July 11, 1929.

Howth, Adams & Hart, of Beaumont, for appellant.

D. E. O'Fiel, of Beaumont, for appellee.

O'QUINN, J. R. W. Gallier, on November 10, 1916, in the district court of Jefferson county, Texas, obtained judgment against appellant, Lucy A. Van Wormer, in the sum of $1,076.48. This judgment was appealed to the Ninth Court of Civil Appeals, and was there affirmed May 3, 1917. 196 S. W. 307. The mandate of the appellate court was issued and filed in the district court on October 18, 1917. No execution on this judgment was issued within 12 months. R. W. Gallier died intestate on October 26, 1919, leaving his wife, Esther Gallier, his sole and only heir. She immediately took charge of the entire estate left by her husband. There was no administration. Mrs. Gallier filed this suit November 9, 1927, against Mrs. Van Wormer, a feme sole, to revive the judgment above mentioned. The appellant, Lucy A. Van Wormer, defendant below, answered that said judgment was dormant, no execution having issued on same within 12 months from the date thereof, and that same could not be revived, because more than 10 years had elapsed from the date of the judgment, and therefore same was barred by limitation. The trial before the court resulted in a judgment of revival, from which this appeal was taken.

It is insisted by appellant that, as 10 years, nearly 11, had elapsed from the date of the judgment before the suit to revive was brought, and no execution had been issued on said judgment within 12 months after the rendition of the same, under article 5532, Rev. St. 1925, the suit to revive could not be maintained, and that judgment should have been for appellant.

Appellee admits that no execution was issued on the judgment, and that 10 years had elapsed from the date of the judgment before she filed suit to revive; but she contends that as her husband, the owner of the judgment and in whose favor same was rendered in 1916, died in 1919, the statute of limitation

by reason of his death was suspended for a period of 12 months, and that, deducting that period from the time between the rendition of the judgment and the filing of this suit, 10 years had not elapsed, and limitation had not run. She invokes article 5538 (5703–5704) Rev. St. 1925.

Appellant contends that article 5538 is not applicable, because R. W. Gallier died intestate after the judgment was rendered and became final; that he left no children, and that appellee was his sole surviving heir; that no administrator was appointed, and none applied for, and that no administration of any character was necessary. Appellant further says that, as appellee, immediately after the death of her husband, took possession of and assumed entire control of her deceased husband's estate, her legal status then was exactly the same as it was on the day she filed suit to revive the judgment, and that she could have at once brought her suit to do so, but waited until after the 10 years had elapsed, which was then too late. In other words, that as appellee was the sole and only legal heir of R. W. Gallier, and as no administration was had on the estate of R. W. Gallier, and none was necessary, and as appellee immediately after the death of her husband took possession and assumed control of her deceased husband's estate, article 5538 did not apply, and appellee's cause of action was barred by the 10-year statute of limitation.

We cannot agree to this contention. Article 5538 had application. It provides:

"In case of the death of any person against whom or in whose favor there may be a cause of action, the law of limitation shall cease to run against such cause of action until twelve months after such death, unless an administrator or executor shall have sooner qualified according to law upon such deceased person's estate; in which case the law of limitation shall only cease to run until such qualification."

Whether or not an administration on the estate of the deceased was necessary is not made, either expressly or by implication, a condition affecting the suspension of the statute of limitation. The language of the statute is plain and unambiguous, and leaves no room for construction. The statute makes no exception in cases where no administration is necessary, and the courts have no authority to do so. Groesbeck v. Crow, 91 Tex. 74, 40 S. W. 1028, 1029; Carter v. Hussey (Tex. Civ. App.) 46 S. W. 270. In the Carter Case cited the identical question here involved was determined. It was there held that, though no administration was necessary, and those entitled to the decedent's estate at once took possession of same, the running of the statute was interrupted under the provisions of the statute. The case was carried to the Supreme Court on application for writ of error and the writ was refused. See, also, Jolly v. Fidelity Union Trust Co. (Tex. Com. App.) 10 S.W.(2d) 539. The cause of action for the revival of the judgment being in R. W. Gallier at the time of his death, limitation against such action was suspended for the period of one year, giving 11 years in which to file the suit, and, the suit having been filed within that time, the judgment of the trial court reviving the judgment was correct.

The judgment is affirmed.