**TAYLOR v. PUCKETT.**

No. 13347.

Court of Civil Appeals of Texas. Fort Worth.

March 20, 1936.

Mathis & Caldwell, of Wichita Falls, for appellant.

Otis E. Nelson, of Wichita Falls, for appellee.

BROWN, Justice.

Rex Rotan, in 1932, bought a second-hand automobile from L. L. Taylor and sold it to one S. E. Fisher. Appellee, Ray Puckett, was, at that time, in the business of lending money on automobiles, and Rotan carried Fisher to Puckett, where the loan, representing the purchase price, was made in the sum of $350, Fisher giving a note and chattel mortgage on the car. .The money was paid by Puckett to Rotan.

Fisher made payments on his note, until the real owner of the car took possession of it. It is evident that the car was stolen property. When Fisher ceased paying, he was unable. to respond in damages, and had moved from .Wichita county.

Feeling, as he had a right so to do, that Rotan induced him to make the loan to Fisher, on Rotan's purported bona fide sale of the car to Fisher, Puckett approached Rotan and requested him to make good the loss. Rotan proposed to Puckett to get appellant, Taylor, to give Puckett his note for the loss, and asked to be released from liability to Puckett, in the event Taylor gave the note. Puckett agreed to take Taylor's note and release Rotan. The note was given and Taylor made several payments and defaulted. The suit followed, and was tried to the court. The district court acquired jurisdiction of the cause by reason of an act of the 44th Legislature (1935), c. 40 (Vernon's Ann.Civ. St. art. 1970—166b).

The facts set forth in the above statement were' testified to by Rotan and Puckett.

The trial court rendered judgment for Puckett against Taylor, and he appeals.

The evidence amply supports the judgment of the trial court.

Appellant's contentions that there is no consideration for the note he executed, because the Fisher note and mortgage were not surrendered and released, and that appellant cannot be held on the note he executed because appellee did not introduce evidence to establish the fact that the title to the automobile had failed, are without merit.

The rule, announced in Van Wormer v. Gallier (Tex.Civ.App.) 196 S.W. 307, is sound and supports the judgment of the trial court even though the debt was only Rotan's; but, as we view the evidence, Taylor was as much responsible for the loss as Rotan, and when he executed the note he was settling a just claim that could have been enforced by Rotan, in the event Rotan was made to respond in damages to Puckett.

The assignments of error are overruled and the judgment of the trial court is affirmed.