M. ROBICHEAUX ET AL. V. GULF PRODUCTION COMPANY

No. 6726. Decided January 6, 1937.
(99 S. W., 2d Series, 880.)

*Howth, Adams & Hart* and *Lipscomb & Lipscomb*, all of Beaumont, for plaintiffs in error.

Where the subject matter of the suit is the same, and there is any question as to whether the cause of action is the same, a test is to determine whether the evidence necessary to sustain the later suit would have been sufficient to support the cause of action asserted in the former, since, if the evidence to support the later would have been a variance in the former, it necessarily follows that a different cause of action is asserted. City of Detroit v. Houghton, 42 Mich., 459, 4 N. W., 171; 15

R. C. L., 964; 2 Freeman on Judgments, 1448; 26 Tex. Jur., 116.

To debar prosecution of one cause of action by reason of judgment on another is to deny remedy in violation of the constitutions. National Foundry Works v. Oconto Water Sup. Co., 183 U. S., 216, 22 Sup. Ct., 111, 46 L. Ed., 157; Hughes v. U. S., 71 U. S., 232, 18 L. Ed., 303; Stark v. Starr, 94 U. S., 477, 24 L. Ed., 276; 34 C. J., 776; Constitution of Texas, Bill of Rights, sec. 19; Constitution U. S., 14th Amendment.

*John E. Green, Jr., David Proctor, C. T. Duff, Oswald S. Parker,* all of Houston, for defendant in error.

The proceedings in the former suit had the effect to abate the present suit and deprive the trial court of jurisdiction to entertain in this suit any claims asserted by plaintiffs below, or to make any order in this cause other than to abate and dismiss the same as was done. Girardin v. Dean, 49 Texas, 246; Livesay v. First Natl. Bank, 36 Colo., 526, 86 Pac., 102; City of Detroit v. Houghton, 72 Mich., 71, 40 N. W., 171.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Preliminary to the statement of the nature and result of this suit a statement in part of the nature and result of another and earlier suit by the plaintiffs here against the same defendant sued herein, and others, will be made.

M. Robicheaux and J. E. Broussard brought a suit in the 58th district court at Beaumont against the Sun Oil Company, the Gulf Production Company and about twenty other defendants, to recover damages to their crops of rice grown in the years 1924 and 1925. The cause of the damage was alleged to be the pollution of the waters of Hillebrandt's Bayou by the escaping oil and salt water produced by the Gulf Production Company and received into its storage tank from its own oil wells, as well as from the wells of the other defendants by its consent, it being alleged that the tank thus used in common was negligently permitted to overflow and drain into the Bayou. The recovery sought by the plaintiffs was both joint and several against all of the defendants. The trial court sustained exceptions, in effect general demurrers, of the Gulf Production Company to that portion of plaintiffs' petition seeking recovery by reason of its alleged separate acts and the separate acts of the other defendants relied upon as a basis for a judgment in severalty against it. The plaintiffs excepted to the court's action but did not amend their petition or dismiss the

Gulf Production Company from the suit. In fact there was no dismissal as to any of the defendants. Plaintiffs contented themselves with excepting to the court's action (except as hereinafter stated) and proceeded with the trial.

The principal ground upon which the exceptions were sustained was that the separate acts alleged as a basis for judgments in severalty were insufficient to show what proportion or amount of damages resulted to the plaintiffs as a result of the wrongful acts on the part of each defendant separately. Upon conclusion of the testimony the trial court instructed the jury to return a verdict in favor of the defendants and rendered judgment that plaintiffs recover nothing and that defendants including the Gulf Production Company go hence without day. The judgment recites among other things that the exceptions referred to were sustained and that plaintiffs excepted to the "action of the court in sustaining said exceptions addressed to the allegations in the petition as to the separate and individual acts of the defendants as a basis of recovery"; and further recites that it is "ordered and adjudged by the court, that the plaintiffs, M. Robicheaux and J. E. Broussard, take nothing against the defendants herein, and that defendants go hence without day and recover their costs." The case was appealed to the Court of Civil Appeals and following the granting of a writ of error and hearing by the Supreme Court, the trial court judgment was affirmed. Sun Oil Company v. Robicheaux (Com. App.), 23 S. W. (2d) 713.

It will be observed that it does not appear from the record that plaintiffs complained either in the Court of Civil Appeals or in the Supreme Court of the trial court's ruling on the exceptions, but regardless of this the effect of the affirmance of the judgment of the trial court is that its failure to award plaintiffs a judgment either jointly or severally against the defendants, including Gulf Production Company, was correct. In the absence of such complaint the adjudication became final in the trial court.

While the case the nature and result of which has just been stated was being tried in the 58th district court and after the exceptions referred to had been sustained, the same plaintiffs, M. Robicheaux and J. E. Broussard, plaintiffs in error here, brought this suit in another district court at Beaumont (the 60th) against the Gulf Production Company alone for the same damages to the same crops (1924 and 1925) alleged to have been caused by the pollution of the same waters (Hillebrandt's Bayou) in violation of the same claim of riparian rights as in

the former suit. The Gulf Production Company filed a plea in abatement and a plea to the court's jurisdiction in bar of the prosecution of this suit by reason of the adjudication against plaintiffs' cause of action against it in the former suit.

The trial court sustained the pleas and dismissed the cause. The Court of Civil Appeals affirmed the judgment, holding that plaintiffs having declined to amend after the general exceptions referred to were sustained, the judgment of the trial court became res adjudicata of the question of the Gulf Production Company's liability to plaintiffs in severalty, as well as jointly. We are in agreement with this holding.

It is stated in the annotation under the heading "Conclusiveness of judgment on demurrer" in American Law Reports, Annotated, Vol. 13, p. 1104, that:

"It is well settled that the judgment rendered upon sustaining a demurrer is equally conclusive by way of estoppel of the facts confessed by the demurrer as a verdict finding the same facts would have been; and accordingly that, where the demurrer goes to the merits, a judgment sustaining it is a bar to a subsequent suit on the same cause of action."

Numerous Texas authorities are cited in support of the rule, including Dixon v. Zadek, 59 Texas, 529; Bomar v. Parker, 68 Texas, 435, 4 S. W., 599; Parker v. Spencer, 61 Texas, 155, and Girardin v. Dean, 49 Texas, 243, cited in the opinion of the Court of Civil Appeals. See in this connection Bradshaw v. Baylor University, 126 Texas, 99, 84 S. W. (2d) 703.

The question of the scope of the estoppel of the judgment does not arise in this case in that the pleading to which the exceptions were sustained in the former case raised the issue of the company's liability in severalty, as well as jointly. It is for this reason unnecessary to discuss the apparently contrary holdings in some of the other jurisdictions, or the effect of Article 2211, R. C. S., as amended in 1931 as reconciling the holdings, as was done by the Court of Civil Appeals in its opinion. We are not to be understood as intimating that the conclusion there reached or the reasons stated therefor, are not correct. It is merely that it is not essential to a decision of this case that the question be here considered.

The judgments of the trial court and Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court January 6, 1937.