### GAREIS v. GORDON et al.
### No. 12293.

Court of Civil Appeals of Texas.
Galveston.

Oct. 11, 1951.

Rolland Bradley and Bailey P. Loftin, of Houston, for appellant.

Fulbright, Crooker, Freeman & Bates and James H. Kerr, Jr. all of Houston, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellant George Gareis to set aside that part of a judgment of a district court of Harris County divesting him of his alleged community interest in Lot 2, Block 416, Baker Addition to the City of Houston.

In their answer appellees alleged that on May 26, 1923, appellee Mrs. Rosa Gordon, the then wife of appellant, had filed her petition in the 80th District Court of Harris County in Cause No. 105158, seeking a divorce from appellant and that in her amended petition in said divorce action she had alleged that appellant had executed and delivered to her a deed of gift to said property and that by decree dated January 3, 1924, she had been granted a divorce from appellant and the property in question had been awarded to her as her separate property. The decree in said suit recited that both appellant and appellees had appeared in person and by counsel in the trial of said cause and that no appeal had been taken from said judgment, which had become final, and that it was at the time of the trial of this suit in full force and effect.

In a trial before the court judgment was rendered in favor of appellees and appellant's cause was dismissed.

The record reflects that appellant and appellee were married on September 4, 1905, and that, by deed dated March 21, 1922, appellant had conveyed said property to appellee, Rosa Gareis.

After the rendition of the judgment in Cause No. 105,158 in the 80th District Court of Harris County, appellant attacked said judgment in petitions filed in the 80th, the 55th and the 61st District Courts of Harris County, and in each court and suit judgment was rendered holding, in effect, that the title and possession to Lot 2, Block 416, Baker Addition to the City of Houston had been fully litigated and determined in Cause No. 105.158 in the 80th District Court of Texas wherein Rosa Gareis was plaintiff and George Gareis was defendant, and a final judgment had been entered in said cause.

It is the settled law in this State that " * * * a question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties *sui juris* is conclusively settled by the final judgment or decree therein so that it cannot be further litigated in a subsequent suit between the same parties or their privies whether the second suit be for the same or a different cause of action." State of Oklahoma v. State of Texas, 256 U.S. 70, 41 S.Ct. 420, 422, 65 L.Ed. 831.

In the case of Stephenson v. Miller-Link Lumber Company, Tex.Com.App., 277 S.W. 1039, 1040, it is held that "Any right, fact, or matter in issue and directly adjudicated upon, or necessarily involved in the determination of an action before a competent court in which the final judgment or decree is rendered upon the litigation is conclusively settled by that judgment or decree as between the same parties, and cannot again be litigated, whether the claim, demand, purpose, or subject-matter of the two suits is the same or not." The text in 26 Texas Jurisprudence, Sections 353 and 354, is in accord with the judgments above referred to.

In the case of Shook v. Shook, Tex.Civ. App., 145 S.W. 699 (writ refused), under an almost identical state of facts, it was held that where a partition of community property is sought in a divorce suit and in the partition asked for and decreed certain property was awarded to the wife as her separate property, the judgment rendered is conclusive as to any claim of the husband against the property set apart to the wife.

It is also a well-settled rule that a judgment rendered upon the sustaining of a demurrer when the demurrer goes to the merits of the cause of action is res adjudicata of another suit upon the same cause of action. Jones v. City of Uvalde, Tex.Civ.App., 144 S.W.2d 932, error refused; Peck v. Berry, 143 Tex. 294, 184 S.W.2d 272, 156 A.L.R. 949; Robicheaux v. Gulf Production Co., 128 Tex. 441, 99 S.W. 2d 880.

Under their counter point appellees contend that appellant's action is barred by the four-year Statute of Limitations. This contention must, we think, be sustained.

It is apparent from the record that appellant's cause of action to reform, set aside or cancel the deed from George Gareis to Rosa Gareis conveying his interest in the property involved in this action is barred by the four-year Statute of Limitations. Art. 5529, Rev.Civ.Statutes, under the following authorities. Hall v. Miller, Tex.Civ. App., 147 S.W.2d 266, Cooper v. Lee, 75 Tex. 114, 12 S.W. 483, and Groesbeeck v. Crow, 91 Tex. 74, 40 S.W. 1028; Litton v. Waters, Tex.Civ.App., 161 S.W.2d 1095, error refused, Williams v. Coleman-Fulton Pasture Co., Tex.Civ.App., 157 S.W.2d 995, error refused.

The judgment awarding said property to appellee was filed on January 4, 1924. The original petition in this cause was filed on July 26, 1950.

The judgment in Cause No. 105158 is regular on its face. It contains recitals to the effect that the parties to the suit were before the court in person and by attorney, that citation was fully had, that the court had heard the pleadings, evidence and argument of counsel and was fully advised.

It follows that the judgment of the trial court must be in all things affirmed.