PIRKLE v. CASSITY.

Civ. A. No. 1329.

United States District Court
E. D. Texas, Tyler Division.

March 25, 1952.

semi-annual installments of $750 each, payabe on the first day of January and July of each year, commencing January 1, 1943. The contract was in writing and provided that failure to pay any four installments of rent when due should, at the landlord's option, mature the whole. It further provided that all improvements placed on the property should belong to Pirkle.

The husband died testate November 5, 1948, while still a resident citizen of Louisiana. No administration of the estate has been had *in Texas*. Plaintiff, as heir and assignee, became the sole owner of the claim sued upon. The rents were paid for all periods prior to January 1, 1947, but from that time on have not been paid (aggregating, at the time of suit, $7,500). Plaintiff, exercising her option, now declares the entire amount due and sues for interest and attorney's fees as well.

In his amended answer, defendant, while generally denying plaintiff's allegations, pleads specifically that:

Shortly after the written contract, in consideration of the fact that defendant was desirous of making valuable and permanent improvements which he did not feel justified in making under the terms of the lease contract, Pirkle agreed to grant defendant an option of purchasing the land and improvements at any time during the lease by paying $20 per acre, against which sum defendant would be entitled to credit for all amounts paid as rent; upon payment of which Pirkle would execute and deliver a deed to defendant (except 1/2 the minerals). Pursuant to and in reliance upon such oral agreement defendant made certain permanent improvements and improved the value by at least $10,000. After the making of such improvements, Pirkle notified defendant that he would not go through with the deal, although the latter was and is ready, willing and able to do so. Defendant is entitled to an offsetting credit for the value of the improvements against the amount sued for.

Defendant also pleads limitation upon facts hereafter discussed.

Plaintiff moves for summary judgment on the pleadings on the ground that a contract

Ramey, Calhoun, Brelsford & Hull and D. C. Funderburk, all of Tyler, Tex., for plaintiff.

Smith & Smith and Steve Miller, all of Tyler, Tex., for defendant.

ALLRED, District Judge.

Plaintiff, a resident citizen of Louisiana, sues defendant, a citizen of Texas, for debt, alleging:

In 1942, plaintiff's husband (now deceased) rented defendant a Texas plantation for 10 years beginning January 1, 1943, for a consideration of $15,000, to be paid in

for an option to buy land is required to be in writing; and, in any event, since the written lease contract provides that all improvements shall become the landlord's property, the oral option agreement claimed by defendant violates the parol evidence rule.

Art. 3995, subd. 4, Vernon's Texas Civil Statutes, provides that no action should be brought upon any contract for the sale of real estate or lease thereof for more than one year unless the agreement be in writing. Section 5 makes the same requirement as to action upon agreements not to be performed within one year.

■■ An oral option to purchase land or contract whereby the owner agrees with another that the latter shall have a right to buy the property at a specified price within a designated period of time is rendered unenforceable by the statute of frauds.[1] Defendant does not dispute this rule but says it has no application since he does not seek specific performance but only credit for the value of the improvements made in reliance upon the oral option.[2] But this overlooks the specific provision in the written contract that the improvements were to be Pirkle's property. That provision, like others in the written lease cannot be altered by parol evidence.[3]

■ Since the written lease provided that the improvements should belong to the land-

lord, no valid claim for them could arise[4] even upon breach of an option contract.[5] The fact that this is not an action for specific performance or for damages for breach of the oral option contract does not alter the rule. By the weight of authority an oral contract within the statute of frauds cannot be set up as a defense.[6]

Passing now to defendant's plea that the action is barred by the Texas four year statute of limitation.[7] The action was not filed until July 16th, 1951. Two payments were due on the 1st days of January and July of 1947 and ordinarily would be barred. Pirkle died in Louisiana, however, on November 5, 1948. An executor of his estate was appointed and promptly qualified in that state[8] but there has never been an administration in this state. Mrs. Pirkle sues here not only as an heir but as assignee under a deed dated June 20, 1951.

Art. 5538 of the Texas statutes provides that in case of death, limitation shall cease to run for one year after such death "unless an administrator or executor shall have sooner qualified according to law upon such deceased person's estate; in which case the law of limitation shall only cease to run until such qualification."

Does this statute mean that if an administrator or executor is appointed in another state, limitation again begins to run from that date even though there has been

1. 20 Tex.Jur. 288, Sec. 78; Michael v. Busby, 139 Tex. 278, 162 S.W.2d 662; Watkins v. Arnold, Tex.Civ.App., 60 S. W.2d 476.

2. Defendant cites Warner v. Texas & P. Ry. Co., 164 U.S. 418, 17 S.Ct. 147, 151, 41 L.Ed. 495, and Thouvenin v. Lea, 26 Tex. 612. Both cases, however, deal with Section 5 of Art. 3995—dealing with agreements which might be performed within one year. In the Thouvenin case also there was a *specific agreement* to pay for the improvements. While the court further says that, even without an agreement, the owner would have been liable for the improvements, if beneficial to him, there was no written agreement, as here, that the improvements would be the landowner's property.

3. Michael v. Busby, supra; Hargrove v. Edmont Hotel Co., Tex.Civ.App., 125 S.W.2d 415; Ickert v. Minor, Tex.Civ. App., 22 S.W.2d 741.

4. Becton v. Dublin, Tex.Civ.App., 163 S. W.2d 907, 910.

5. Cf. Miller v. Gray, 29 Tex.Civ.App. 183, 68 S.W. 517.

6. 37 C.J.S. Frauds, Statute of, § 225, p. 726.

7. Art. 5527, subd. 1, Vernon's Texas Civil Statutes.

8. It is stated in defendant's brief that the Louisiana executor qualified on November 12, 1948, and continued to serve until after July 10, 1950. Plaintiff does not dispute this.

no administration here? No decision on this point from this or any other state has been cited by the parties.

A foreign executor or administrator cannot sue in this state without obtaining new letters here.[9] This is fundamental and goes to the jurisdiction of the court.[10] Nor can a foreign executor or administrator be sued in Texas without his consent.[11] He may not even verify claims against an estate in this state and presentment by him of a claim is a nullity and does not start the 90 day statute of limitations (within which suit must be filed after rejection of a claim under Art. 3522) running.[12]

At common law, once limitation began to run, it continued to run after death of the person to whom the cause of action had accrued and Art. 5538 (suspending limitation for one year or until the qualification of a legal representative), was enacted to change the rule since there was no person capable of suing.[13] The year's suspension applies, under the statute, when there was no administration, whether there was necessity therefor or not.[14]

Since, therefore, Pirkle's executor had no standing and could neither sue nor be sued in Texas, there was no executor or administrator within the meaning of the statute. Limitation was suspended, therefore, for one year and this action is not barred.

There being no dispute as to any material fact, plaintiff's motion for judgment on the pleadings will be granted.

Counsel for plaintiff will submit judgment accordingly within 10 days. The Clerk will notify counsel of the entry of this memorandum.

9. 14 Tex.Jur. 636, Sec. 796. Letters testamentary may be granted to a foreign executor under Art. 3365.

10. Hicks v. Shively, Tex.Civ.App., 137 S. W.2d 102.

11. 14 Tex.Jur. 640, Sec. 798.

12. 14 Tex.Jur. 644, Sec. 801.

13. Wm. J. Lemp Brewing Co. v. La Rose, 20 Tex.Civ.App. 575, 50 S.W. 460.

14. Van Wormer v. Gallier, Tex.Civ.App., 19 S.W.2d 354 and authorities therein cited.