**T. W. LA ROE, Appellant,**

v.

**E. E. DAVIS, Appellee.**

No. 6921.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 29, 1960.

Harold D. Sanderson, Amarillo, for appellant.

Herbert C. Martin, Amarillo, for appellee.

DENTON, Chief Justice.

This is an appeal from a summary judgment. The appellee filed the case, seeking to recover $4,000 which he had placed in a depository bank as evidence of his good faith in carrying out a parol agreement to purchase land from appellant. It is admitted that the sales contract was never reduced to writing. Although the First State Bank of Happy, Texas, depository bank, and T. H. Campbell, the bank president, were originally made parties to the suit, they were subsequently permitted to tender the $4,000 into the registry of the trial court. The bank and Mr. Campbell are not parties to this appeal. The sole question to be determined here is whether or not the trial court erred in granting the summary judgment. Appellant brings forward eight points of error. All points of error complain of the granting of the summary judgment because of several genuine material issues of fact being raised by the pleadings and affidavits.

■■ Although it is undisputed that the alleged contract of sale was not in writing, appellant contends the deposit of the escrow money itself does not come within the statute of frauds. We can not agree with this contention. If the contract of sale is within the statute of frauds, an escrow deposit or any other ancillary action under the contract would not be enforceable. An escrow agreement must be supported by a valid contract. Sutton v. Shanley, Tex.Civ.App., 192 S.W.2d 567 and other cases there cited. Here the sales agreement was admittedly oral. Appellee properly pleaded the statute of frauds. We therefore overrule appellant's fourth point of error.

All other appellant's points of error are concerned with various issues of fact he contends were raised by the pleadings and affidavit. It is his contention the fact is-

sues raised are: whether or not appellee deposited the escrow money solely for the benefit of appellant; was the money to be paid to appellant in the event appellee failed to purchase the land; the control the appellee exercised over the escrow money; whether an oral agreement was actually entered into between the parties for the sale of the land; whether appellant was ready, willing and able to perform the oral agreement; whether appellee repudiated the oral contract; and whether the escrow money constituted a part of the consideration for the purchase of the land.

█ In examining appellant's pleadings and exhibits, we find different descriptions of the land alleged to have been the subject of the proposed sale, and also different terms of payment were alleged in the various pleadings filed by appellant. The trial court recited in its judgment that the oral contract was, " * * * so vague and indefinite, both as to the payment of the consideration as well as to the description of the real property, as to be wholly unenforceable * * * " Appellant's answer alleged, "The balance of said purchase price was agreed by and between the parties to be paid by and through a promissory note payable over a period of years * * " In a subsequent pleading in answer to appellee's motion for summary judgment, appellant attached a proposed warranty deed in which he proposed to convey the property to appellee for a cash consideration of $15,000. It requires no citing of authorities to hold these allegations are in conflict, and are not sufficient to support the enforcement of an unexecuted sales contract. An insufficient or contradictory description of realty in a contract for sale thereof precludes any recovery by either party whether it be for a specific performance of the contract or for damages for a breach thereof.

█ In considering the appellant's points of error, each of which brings forth an alleged material question of fact, we are of the opinion the questions of fact can not be said to be material. In our opinion, these facts are not genuine material issues of fact because they all are necessarily based on the oral contract to purchase realty. An oral contract to purchase land is unenforceable under the statute of frauds. Art. 3995, Subdivision 4, Vernon's Ann.Civ.St.; Pirkle v. Cassity, D.C., 104 F.Supp. 318; Hill v. Aldrich, Tex.Civ.App., 242 S.W.2d 465; Scott v. Walker, Tex. Com.App. Sec. B, 141 Tex. 181, 170 S.W. 2d 718.

█ The contract being unenforceable, we hold appellant is not in a position to recover the escrow money which was deposited under the apparent terms of the oral contract. In order to constitute a legal escrow, there must be a valid contract to support it. Sutton v. Shanley, supra; Starkey v. Texas Farm Mortg. Co., Tex. Civ.App., 45 S.W.2d 999; Smith v. Daniel, Tex.Civ.App., 288 S.W. 528.

Therefore, appellant's points of error are hereby overruled and the judgment of the trial court is affirmed.